THE STATE OF IOWA v. A. L. WOOD, Appellant.

Examination Before Grand Jury: PRESENCE OF THIRD PARTIES: When Insufficient Cause for Setting Aside Indictment. Code, section 5319, provides that the presence of any person other than grand jurors during the investigation of a charge, except such persons as are required or permitted by law to be present, shall constitute a ground for setting aside the indictment. Held, that where a father and daughter were both witnesses before a grand jury on the investigation of a charge against defendant, the fact that the daughter, who was very nervous, was accompanied during her examination by her father, constituted no ground for setting aside the indictment.

*Appeal from Madison District Court.*—HON. J. H. APPLEGATE and JAMES D. GAMBLE, Judges.

THURSDAY, DECEMBER 20, 1900.

DEFENDANT was indicted by the grand jury of Madison county for the crime of perjury. After the indictment was returned he moved to quash it on the ground that "a certain person other than the grand jurors, clerk of the grand jury, and county attorney, and one not required or permitted by law to be present on such an occasion, was present before the grand jury during the investigation which resulted in the finding of the indictment." This motion was heard by Applegate, J., who overruled it. The case then went to trial before Gamble, J., and there was a verdict of guilty, upon which judgment was duly pronounced. Defendant appeals. —*Affirmed.*

*Guiher & Tidrick* and *Dabney & Cooper* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the state.

WATERMAN, J.—The only question presented on this appeal is the one raised by the motion to quash the indictment. As to this matter the facts appear to be that Minnie McNeley and her father were summoned to appear as witnesses before the grand jury. Minnie McNeley was very nervous and fearful about appearing before that tribunal, and, on her father's request he was permitted to be present during the time she gave her testimony. There is no showing that he did or said anything to influence the witness, or that defendant was in any manner prejudiced, otherwise than by McNeley's presence in the room. The secrecy of proceedings by the grand jury is for the benefit of the state, and not of the defendant. It was long the practice in England to admit the private prosecutor to their room during the investigation of the charge which he had preferred. Thompson & Merriam Juries, section 629. Section 5319 of the Code, however, provides that it is a ground for setting aside the indictment that "any person other than the grand jurors was present before the grand jury during the investigation of the charge except as required or permitted by law." Section 5265 permits the county attorney to be present during the sessions of that body, but forbids him or any other person being present when deliberation is had or vote taken upon the finding of an indictment. Section 5267 enjoins secrecy upon all members of the grand jury. We find no other provisions of the Code bearing upon the question before us. Nowhere is it expressly stated that third persons may not be present when witnesses are giving testimony, if the grand jury sees fit to admit them. We may, however, accept section 5319 as prohibiting the presence of all third persons except "as required or permitted by law." John McNeley

was a witness before the grand jury in the case then engaging their attention. He was in the room by consent. It may well be said that he was a person required by law to be there, for there is no statute prohibiting the grand jury from calling two witnesses before it at the same time. We recognize that on many accounts it is better practice not to do this, and only say that it is not a violation of law if done. In *Lawrence v. Com.* 86 Va. 575 (10 S. E. Rep. 840), it was held that the presence of a third person in the grand jury room while testimony was being taken would not necessarily vitiate the indictment. The court in that case recognized the distinction long observed between the presence of an outsider during the taking of testimony, and during the deliberations of the grand jury thereon. The same holding is made in *Richardson v. Com.*, 76 Va. 1007; *Bennett v. State*, 62 Ark. 535 (36 S. W. Rep. 947), and *State v. Clough*, 49 Me. 576. So, too, we think this court has practically announced the same rule. In *State v. Kimball*, 29 Iowa, 267, a court bailiff was present in the grand jury room while witnesses were being examined. The defendant undertook to make a point of the fact, but it was held he was too late. The court, however, added: "But, from the showing made upon the motion, the bailiff was the officer in attendance upon the grand jury, and he was not present when the question was taken upon the finding of the indictment. Neither is it shown that he was not there in the discharge of his official duties. Under section 5319, we conclude his mere presence is not a ground of objection to the indictment." Our conclusion is that the presence of one, who was required to go before the grand jury as a witness, while another witness was giving testimony, is not sufficient ground for setting aside the indictment, where no other showing of prejudice to defendant is made.—AFFIRMED.