STATE OF IOWA, Appellee, v. JOHN D. BOWER, Appellant.

**GRAND JURY:** **Presence of Unauthorized Person.** An indictment *must*
be set aside when it is made to appear that a witness, after the
close of his testimony, remained in the grand jury room during the
further hearing on the matter under investigation.

**CRIMINAL LAW:** **Instructions in re Failure to Testify.** It is not
error for the court, on its own motion, to instruct the jury as to the
effect of defendant's failure to testify.

*Appeal from Cherokee District Court.*—C. C. BRADLEY, Judge.

## JUNE 21, 1921.

DEFENDANT was indicted for the crime of keeping a gambling house, and, before plea was entered, moved to set aside the indictment, for the reason that certain persons were present before the grand jury during the investigation of the cause, in violation of Section 5319 of the Code. Motion was overruled, and cause proceeded to trial. Verdict of jury finding defendant guilty, and judgment entered thereon. Defendant appeals. —*Reversed.*

*William Mulvaney,* for appellant.

*Ben J. Gibson,* Attorney General, *B. J. Flick,* Assistant Attorney General, and *Lew McDonald,* County Attorney, for appellee.

DE GRAFF, J.—The grand jury of Cherokee County, Iowa, on the 3d day of January, 1919, returned an indictment charging the defendant with the crime of keeping a gambling house. Before a plea was entered by the defendant, there was filed in said cause a motion to set aside the indictment, for the reason that, during the investigation by the grand jury, and while witnesses were being examined with reference to this cause, ''other persons were present before the grand jury who were not members thereof, and were such persons that were neither required nor permitted by law to be present during said investigation.''

Defendant's motion was supported by affidavits which disclose that one Walter Christian, who apparently was the prosecuting witness in said cause, was voluntarily present during all of the examination of witness Jesse D. Wayman; that, during the examination of the witness Ed. Ulstad, the said Walter Christian was present, and also Fred Leeds and John N. Hill, Jr.; that, while the witness Ulstad was giving his testimony before the grand jury under oath, the examination was conducted by the county attorney, and when said witness was asked a question, the county attorney would turn to the said Walter Christian and ask, "How about that, Walter?" and also turn to the said Fred Leeds and ask the same question; that the three witnesses aforesaid were present with the grand jury during the entire examination of the witness Ulstad, and remained there until said witness left the grand jury room.

The motion to set aside the indictment upon the ground stated was overruled by the court, and the cause proceeded to trial. Defendant renewed his objections upon the introduction of the testimony, and also in his motion in arrest of judgment and to set aside the verdict.

I.    Section 5319 of the Code provides:    .

"The motion to set aside the indictment can be made, before a plea is entered by the defendant, on one or more of the following grounds, and must be sustained:    *    *    *

"4.    *    *    *    When any person other than the grand jurors was present before the grand jury during the investigation of the charge, except as required or permitted by law."

It is disclosed by the record that all of the persons referred to in the affidavits filed in support of defendant's motion were under subpoena to appear before the said grand jury, and did appear in answer to the summons issued. It is also shown that these witnesses remained in the grand jury room on their own solicitation, while the grand jury was conducting the investigation in this cause. Christian was the prosecuting witness, and had previously requested the county attorney to file information against defendant and to raid the place conducted by defendant Bower. Christian, on cross-examination, testified:

"When they (the grand jury) got through with me, I just stayed in there at my own request. Q. To referee the game?

A. Well, maybe so. Q. You stayed in there after he [Mr. Hill] was examined, and the matter about which this witness testified was referred to you by the county attorney? A. I believe on a couple of occasions. Q. For instance, after he would ask the witness something, he would turn to you and say, 'How about that, Walter?' A. I believe a couple of times, something like that. It was while this case was being investigated before the grand jury, and while the grand jury was hearing testimony.''

Not only the ethics of the case, but the mandate of the statute, required the exclusion of all persons during the investigation of the charge against the defendant, except such as were required or permitted by law; and it may not be said that these persons who were present during the investigation and after their testimony had been given were either required or permitted to be in attendance. It is the duty of the county attorney to attend upon the sessions of the grand jury when required by that body (Code Section 307), but there is no warrant for his appearance when disqualified by reason of his having been attorney for the person under investigation in respect to the matter being investigated. *State v. Rocker*, 130 Iowa 239.

The trial judge is a person within the prohibition of the statute, who may not be present during an investigation by the grand jury of the county of his jurisdiction. *State v. Will*, 97 Iowa 58.

The grand jury is a secret inquisitorial body. The oath administered to every witness called before it imposes an obligation never to reveal and always to conceal all matters to which the attention of said witness may be called during his examination. It is quite apparent that to permit three witnesses or any number of witnesses to remain in the grand jury room during the investigation of a cause would eliminate all secrecy, would convert a strictly private hearing into a public investigation, and, in the instant case, would permit the prosecuting witness to dominate the hearing and make all the testimony conform to his version of the affair. This would be very prejudicial to the rights of the defendant, in the event that an indictment was returned. Through such means, the grand jury system would lose its historical significance as an inquisi-

torial body, and the ancient landmarks which give to that body its present constitution and functions would be destroyed.

The trial court was in error in overruling defendant's motion to set aside the instant indictment, and the cause must necessarily be remanded for such further action as may be proper and necessary in the premises.

II. One other proposition is argued by appellant which we feel should receive brief mention. Paragraph 6 of the instructions of the trial court reads as follows:

2. CRIMINAL LAW: instructions in re failure to testify.

"Under our statute, the defendant has the right to testify in his own behalf or not, as he may elect; and if he declines to so testify, it shall not be considered against him; and in this case you are instructed that you must not give any thought to the fact that the defendant did not testify in his own behalf."

Section 5484 of the Code provides that the attorney or attorneys for the State shall not refer, during the trial, to the fact that the defendant did not testify in his own behalf; and, "should they do so, such attorney or attorneys will be guilty of a misdemeanor, and defendant shall for that cause alone be entitled to a new trial."

This statute requires no comment, as its provisions are absolute. *State v. Baldoser,* 88 Iowa 55.

It is contended by appellant that it is clearly implied that the attention of the jury shall not be called by the court to the fact that the defendant failed to testify on his own behalf, as it is contrary to the spirit and policy of our law.

This court has heretofore held that it is not reversible error for the court to instruct the jury with reference to the fact that the defendant has the right to testify in his own behalf, and that his failure to testify should not be construed against him. This is predicated on the theory that such an instruction is in the interest of the defendant, and cannot be presumed to have been prejudicial to him. *State v. Weems,* 96 Iowa 426.

For the reason stated, this cause is—*Reversed and remanded.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.