THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VALERE
L. MINET, Appellant.

Argued February 24, 1947; decided May 22, 1947.

*George J. Skivington* for appellant. I. The trial court erred in denying defendant's motion to dismiss the indictment under section 313 of the Code of Criminal Procedure. (*People* v. *Fuller,* 156 Misc. 404; *People* v. *Kramer,* 33 Misc. 209; *People* v. *Scannell,* 36 Misc. 40; *Ward Baking Co.* v. *Western Union Telegraph Co.,* 205 App. Div. 724; *United States* v. *Edgerton,* 80 F. 374; *People* v. *Rauch,* 140 Misc. 691; *People* v. *Cahill,* 193 N. Y. 232; *United States* v. *Rosenthal,* 121 F. 862; *United States* v. *Philadelphia & R. Ry. Co.,* 221 F. 683; *United States* v. *Rubin,* 218 F. 245; *United States* v. *Heinze,* 177 F. 770; Federal Rules of Criminal Procedure, rule 6, subd. [d]; *State* v. *Bower,* 191 Iowa 713; *People* v. *Tru-Sport Publishing Co., Inc.,* 160 Misc. 628.) II. The motion for dismissal of the indictment was timely. (*People* v. *Judson,* 11 Daly 1; *People* v. *Fuller,* 156 Misc. 404.)

*Thomas Croucher, District Attorney,* for respondent. I. No error was committed by the trial court in denying defendant's motion to dismiss the indictment. (*People* v. *Sexton,* 187 N. Y. 495; *State* v. *Wood,* 112 Iowa 484; *Cochrane* v. *State,* 119 Md. 539; *Tinker* v. *State,* 95 Tex. Cr. Rep. 143; *People* v. *Arnold,* 248 Ill. 169; *State* v. *Bacon,* 77 Miss. 366; *Mason* v. *State,* 81 S. W. 718; *Commonwealth* v. *Harris,* 121 N. E. 409; *Middleton* v. *State,* 16 Okla. Cr. 320; *Bennett* v. *State,* 62 Ark. 516; *State* v. *Justus,* 8 P. 337; *McElroy* v. *State,* 49 Tex. Cr. Rep. 604.) II. Defendant's motion to dismiss the indictment was not timely. (Code Crim. Pro., §§ 314, 315.)

CONWAY, J. There is presented for our consideration the problem whether a district attorney may call two witnesses before the grand jury at one and the same time. It arises because the complaining witness, Camille Harris, who was under the age of eighteen, after being subpœnaed to attend, made representations to the District Attorney through her father and sister, Hilma, aged twenty-two, that she was " somewhat afraid or nervous ". They thereupon requested that both sisters be permitted to enter the grand jury room together. The District Attorney, after first demurring, consulted the

grand jurymen and returning said that the latter would permit it. Thereupon both entered the room, were sworn and both testified. The County Judge after an inspection of the minutes found that the sister Hilma was " a witness ". The District Attorney, however, concedes that she " had nothing of probative value to add to the People's case." An indictment charging statutory rape was found against the defendant. Thereafter the defendant married complainant and her testimony was again given, unwillingly, by direction of the court.

Prior to the trial and conviction of the defendant, a motion was made to set aside the indictment on the ground that an unauthorized person was permitted to be present during a session of the grand jury while the charge embraced in the indictment was under consideration. It was not made, however, until March 8, 1946, although the defendant was arraigned on February 15th. That was by reason of the fact that counsel did not learn of the presence of the sisters together as witnesses until March 7th. The statute (Code Crim. Pro., § 315) provides: " The motion to set aside an indictment must be heard at the time of the arraignment, unless, for good cause, the court postpone the hearing to another time." Preliminary to discussing the merits, it is thus necessary to consider the argument of the prosecutor that the motion to dismiss was not timely. In the first place the defendant did not learn of the true situation until March 7th and the County Judge said very frankly that if he thought the motion had merit he would exercise his discretion to permit the plea to be withdrawn and would entertain it. Apart from that, however, it is clear that there was no willful delay. Most of the authorities on matters involving grand jury practice are found in opinions of courts of original jurisdiction and this question of timeliness was properly disposed of, favorably to a defendant, under similar circumstances in *People* v. *Fuller* (156 Misc. 404).

We pass then to the principal question. The judgment was affirmed below upon the grounds that there was no prohibition in the statute against the presence of two witnesses simultaneously in the grand jury room and that it was not made to appear in the affidavits that there was any undue influence exerted by the presence of the additional witness which adversely affected the defendant. In order to direct attention to the

precise question at issue it may be well to point out that no one except grand jurors may be present during their deliberations and while they are voting (Code Crim. Pro., § 265) and that no one may assist or advise them or examine witnesses before them unless specifically authorized by statute. (Code Crim. Pro., §§ 262, 263, 264.) Those identical situations are not here presented and yet the instant one is not entirely inapposite. Here the allegedly unauthorized person was present during the reception of the testimony of a witness. A dismissal of the indictment must be supported, if at all, on the sole ground that the procedure contravened section 313 of the Code of Criminal Procedure which, so far as material, provides:

" § 313. Indictment, when set aside on motion. The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: * * *

" 2. When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four." The exceptions do not touch our problem. It has been properly held that the charge is under " consideration " during the period of the taking of the testimony. (See *People* v. *Tru-Sport Publishing Co., Inc.,* 160 Misc. 628.)

No case has been cited to us in our State or in England which has passed upon the question whether two witnesses may be called into the grand jury room together to give their testimony in the presence of each other. This in itself is some indication that it was never the practice so to do either at common law or under our statutes. That the contrary is the law of England is attested by 1 Stephen, History of the Criminal Law of England [1883], 274 where it is written: " The grand jury sit by themselves and hear the witnesses *one at a time,* no one else being present except the solicitor for the prosecutor if he is admitted." (Emphasis supplied.) Some evidence of our practice is found in a general discussion of grand jury procedure in *Ward Baking Co.* v. *Western Union Telegraph Co.* (205 App. Div. 724) where it was written (p. 728): " No person may be admitted to the presence of a grand jury except the

district attorney of the county, his assistant, *a witness,* and the stenogrpaher who keeps the minutes. (Code Crim. Proc., §§ 264, 952-p.) '' (Emphasis supplied.) That this has always been the Federal practice appears from subdivision (d) of rule 6 of the recently adopted Federal Rules of Criminal Procedure and the note appended by the revisers reading: '' This rule generally continues existing law.'' The rule is as follows: '' (d) Who may be present. Attorneys for the government, *the witness under examination,* interpreters when needed and, for the purpose of taking the evidence, a stenographer may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.'' (Emphasis supplied.) See, also, discussion on the report to the Institute on Federal Rules of Criminal Procedure at N. Y. University School of Law, February 15, 1946, by the Honorable George Z. Medalie at that time an Associate Judge of this court. (New York University School of Law Institute — Proceedings, Vol. VL, pp. 153–154 [1946].) (See, also, *United States* v. *Edgerton,* 80 F. 374, 375.) Finally, the proposed American Law Institute Code of Criminal Procedure, section 133, provides as follows, and it is significant that the notes of the drafter do not indicate that any change in the established law was made or contemplated: '' No person shall be present at the sessions of the grand jury except *the witness under examination,* the prosecuting attorney, the stenographer, if any, and the interpreter, if any. No person shall be present while the grand jurors are deliberating or voting.'' (Emphasis supplied.) (See, also, Edwards, The Grand Jury [1906], 139; Housel & Walser, Defending and Prosecuting Federal Criminal Cases [1938], § 228; [2d ed., 1946], § 212.)

Some of the cases cited to us from other jurisdictions arose under statutes materially different from our Code of Criminal Procedure. That is true of *Tinker* v. *State* (95 Tex. Cr. Rep. 143), *Mason* v. *State* (81 S. W. 718), *Middleton* v. *State* (16 Okla. Cr. 320), *State* v. *Justus* (11 Ore. 178, 8 P. 337). Two other cases are strongly urged upon us by the District Attorney. They are *State* v. *Wood* (112 Iowa 484) and *People* v. *Arnold* (248 Ill. 169).

In the *Wood* case, a father accompanied his daughter, the complainant, who was '' very nervous and fearful '', before the

grand jury. Only the girl testified, but both were sworn as witnesses. The court said, "There is no showing that he [the father] did or said anything to influence the witness, or that defendant was in any manner prejudiced, otherwise than by McNeley's [the father's] presence in the room." (P. 485.) The court seems to have relied upon the provision of the Iowa statute which prohibited unauthorized persons before the grand jury "except as required or permitted by law." The court apparently considered that the grand jury in calling the father as a witness *required* his presence and so satisfied the statute. In New York we have said in *People* v. *Sexton* (187 N. Y. 495, 513–514): "For all the ordinary purposes of procuring evidence a grand jury is a distinct body clothed with authority to conduct the examination of witnesses in any way *that does not conflict with established legal rules.*" (Emphasis supplied.) Thus, in our State, the grand jury has no power to compel the attendance of two witnesses simultaneously unless that is the established practice and procedure. Under that view, the reasoning of the *Wood* case would not be persuasive. In any event, we think that *State* v. *Bower* (191 Iowa 713) has weakened if not destroyed the force of the *Wood* case in Iowa. While, as the District Attorney points out in his brief, the second witness present in the *Bower* case not only remained in the room but also asked questions of later witnesses, the opinion leaves no doubt that the court disapproved of the presence of more than one witness at a time under any circumstances.

*People* v. *Arnold* (*supra*) was a prosecution for rape in which the father of the complainant accompanied his daughter into the grand jury room while she identified certain garments. The court recognized the rule "that one witness must never be permitted to be present at the examination of another" but found that "there was practically no examination of witnesses in the presence of each other." (P. 172.) That seems inconclusive. The court then proceeded directly to the merits and reversed the conviction because of errors in the admission of evidence and in the instructions to the jury.

We think that historically and on principle an indictment should be dismissed when two witnesses have been presented together while the testimony of one or both was heard by the grand jury and that the decision should not be made to depend

upon whether or not a defendant was actually prejudiced thereby. Where the Legislature has wished to make prejudice a material determinant it has so provided, as for instance in section 362 of the Code of Criminal Procedure. We should not write it into section 313. That is for the Legislature to do if it is to be done at all. It is true that in some jurisdictions it must be shown that the grand jury was influenced and the defendant prejudiced in his substantial rights before the indictment will be invalidated by reason of the presence of an unauthorized person. Cases so deciding will be found collected in note 13 in 28 Corpus Juris, Grand Juries, section 99, page 805 and in 38 Corpus Juris Secundum, Grand Juries, section 40. We do not think that that distinction should be made under our statute. Except in the clearest situations it would be practically impossible to show influence or prejudice. Even an inspection of the minutes, which it is difficult for a defendant to obtain since it is granted only in order to enable him to move to set aside the indictment (*People ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392, 395) would not show it in all probability. A change in expression, a pressure on the hand or a warning glance would not be shown upon the minutes but might well influence, suppress or alter testimony to the prejudice of the defendant. There may have been prior expressions or conversations between the two witnesses which the one then giving testimony might well hesitate to repudiate or modify in the presence of the other. The District Attorney here contends, and we are told that defendant's counsel conceded on the argument of the motion to dismiss, that defendant suffered no prejudice by the joint presence of the two sisters, but as was said in *United States* v. *Edgerton* (*supra,* p. 375) : " The court cannot know that this suggestion represents the fact." We think the practice offers too great a possibility for the exercise of undue influence to be condoned. Approval of it would open the door to grave abuses and jeopardize safeguards with which the cumulative wisdom of our legislators, lawyers and judges has surrounded the institution of the grand jury. It is an institution which protects both the community and the individual. It is a serious matter for any individual to be charged with crime whether the charge be true or false. As was said in *Matter of Gardiner* (31 Misc. 364, 375) : " It is as important

to a person that he be fairly and justly accused of crime as that he be fairly and impartially tried therefor.''

The District Attorney refers to one who takes no active part in the proceedings as an automaton. In our State it will be found that generally speaking no person other than the District Attorney, the stenographer and, if necessary, an interpreter is ever permitted to be present in the grand jury room during the examination of a witness with one exception. When a prisoner is called to testify against an accused or, under a waiver of immunity, in his own behalf, a warden of the grand jury — a county official — stands beside him to prevent an escape. No case disclosing any other exception has been cited to us and we have found none. The warden might properly come within the District Attorney's concept of an automaton under the circumstances. That, of course, is not the role required of or occupied by one called upon to accompany a fearful or nervous witness before a grand jury. On such occasion the presence of the companion is to attempt to insure the giving of testimony which might not otherwise be uttered. Such presence might also improperly suppress as well as elicit testimony, as we have pointed out (*supra*).

There is still a further danger to the true administration of justice in the practice here attempted. In *Matter of Opinion of Justices* (232 Mass. 601, 603) it was said: '' ' The law of the land ' implies an indictment or presentment by the grand jury in instances to which that proceeding is necessary.

'' The grand jury is an ancient institution. It has always been venerated and highly prized in this country. It has been regarded as the shield of innocence against the plottings of private malice, as the defence of the weak against the oppression of political power, and as the guard of the liberties of the people against the encroachments of unfounded accusations from any source. These blessings accrue from the grand jury because its proceedings are secret and uninfluenced by the presence of those not officially and necessarily connected with it. It has been the practice for more than two hundred years for its investigations to be in private, except that the district attorney and his assistant are present.

'' Secrecy is the vital requisite of grand jury procedure.''

There is no secrecy imposed upon a witness before a grand jury either as to the fact that he has testified or as to the testimony given by him. (*People* v. *Naughton,* 38 How. Pr. 430, 7 Abb. Prac. [N. S.] 421, 440.) To that extent, of course, the secrecy of grand jury proceedings is lessened. Were a second witness to be permitted to be present while another witness was giving testimony that same rule would apply for the same reason, namely, that there was no statutory prohibition. Thus, both witnesses would have it within their power to divulge the testimony of both without restraint. It may readily be understood that a witness might either exaggerate his story or fail to make a full and complete disclosure to a grand jury of information in his possesesion as to the commission of a crime if there were present a person who was free to publish his testimony immediately.

The judgments should be reversed and the indictment dismissed.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc.