## ROBESON et al. v. FANELLI et al.

United States District Court
S. D. New York.
March 21, 1950.

O. John Rogge, Michael Atkins, Bella S. Abzug, Alfred L. Tanz and William L. Patterson, all of New York City, Bella S. Abzug, New York City, of counsel, attorneys for plaintiffs.

Harry G. Herman, County Attorney of Westchester County, White Plains, N. Y., Attorney for defendants Fanelli, Gerlach and Ruscoe.

Bleakley, Platt, Gilchrist & Walker, New York City, Attorneys for defendant Robert J. Field.

James J. Hanrahan, Peekskill, N. Y., attorney for C. Vincent Boyle and Associated Veterans Group.

Cyril T. McDermott, Peekskill, N. Y., attorney for Cyril T. McDermott.

Leonard Rubenfeld, Peekskill, N. Y., attorney for Leonard Rubenfeld and Veterans Joint Council.

Samuel L. Slutsky, Peekskill, N. Y., in pro per.

Nathaniel L. Goldstein, Attorney General of the State of New York, Attorney for defendants Gaffney, Glasheen and Johnson.

CONGER, District Judge.

This action was instituted by 28 plaintiffs against 16 defendants for damages to the civil rights of plaintiffs under the Federal Civil Rights Statutes. Title 8 U.S.C.A. §§ 41, 43, 47 and 48, and Title 28 of the U.S.C.A. § 1343. Included in the prayer for relief are claims for damages for deprivation of civil rights and claims for damages for assault, personal injuries and property damage.

There are a number of separate claims in the complaint. Not all of the plaintiffs

are in each claim, nor are all of the defendants sued in each claim.

Plaintiffs' version of the nature of this action is set forth in their brief at page 2 as follows:

"The gravamen of the action is that various officials of the County of Westchester, together with police officials of the State of New York and various private individuals and groups conspired and did other unlawful acts together, to interfere with the conducting of a peaceful assembly in which plaintiffs and others were involved in and about the City of Peekskill on August 27, 1949 and September 4, 1949 and under the color and guise of law, unlawfully interfered with plaintiffs' rights, to their serious and substantial injury."

Plaintiffs allege a continuing conspiracy on the part of the defendants to interfere with and invade the civil rights of the plaintiffs at the times and places set forth in the complaint.

Among the defendants are five officials of Westchester County, the District Attorney, the Assistant District Attorney, the Sheriff, the County Clerk and the County Executive, the Superintendent of the State Police, the Captain and First Sergeant of Troop K of the State Police, several veterans' organizations and other individuals, some of whom are officers of veterans' organizations.

The incidents which gave rise to this action occurred in and around Peekskill, Westchester County, New York on August 24, and September 4, 1949. Great publicity was given to the episodes which occurred on those two Sundays. Complaint was made to the Governor of the State of New York who issued a statement on September 14, 1949. Governor Dewey instructed the District Attorney of Westchester County to investigate this whole matter. I quote from the Governor's statement:

"There are other serious aspects to the situation, however.

"At my conference today I have instructed the District Attorney of Westchester County, in addition to completing the investigation of the incidents of August 27th, to make a complete, unlimited and exhaustive grand jury investigation of all the incidents which occurred, including the following:

"All of the disorders which broke out after the meeting of September 4, and whether these disorders were the result of organized planning on the part of the individuals or group.

"Whether the meeting was initiated and sponsored for the purpose of deliberately inciting disorder and a breach of the peace and whether it was part of the Communist strategy to foment racial and religious hatreds.

"Whether the Communist-led guard forces are a quasi-military force. Storm troopers or private militia, whether in white sheets, brown shirts, or military clothing, will not be tolerated in New York. We have abolished the Bund and the Ku Klux Klan and we will not permit similar Communist organizations to exist."

I am informed by the affidavits of the District Attorney that he has empanelled a special Grand Jury which began its investigation on October 3, 1949 and that it has examined a great number of witnesses; that it is now in the midst of its investigation and is proceeding diligently; that it will not complete its work until the end of April.

The District Attorney and the County officials of Westchester County, the State Police officials and other defendants have moved to stay any and all proceedings in this action until April 25th at which time the Grand Jury will have completed its labor; they also move to extend their time to answer or otherwise move with reference to the complaint for the same period of time.

The Attorney General of the State of New York appearing for the State Police officials joins in this request.

As I stated on the argument I can see no reason why the complaint should not be answered. This will fix the date of issue and will permit the case to be placed

on the calendar and a calendar number to be assigned. If an amendment to the answers is desired it may be applied for and no doubt will be granted. The Federal Rules provide that leave to amend "shall be freely given when justice so requires." Federal Rules of Civil Procedure, rule 15 (a), 28 U.S.C.A.

I do feel, however, that in the interest of orderly judicial procedure that these actions should be stayed in all other respects until the Grand Jury has reported on April 25th or any time before then if it reports sooner.

The Governor has ordered a full investigation not alone of the charges made in the complaint herein, but of the entire matter. The Governor has expressed confidence in the District Attorney of Westchester County and instructed him to conduct the investigation although he was urged by the plaintiffs and others to supercede the District Attorney and appoint an Assistant Attorney General to conduct the proceedings before the Grand Jury.

The Grand Jury is exercising a public function. Its work should in no way be hindered. Its work should proceed in an orderly manner to the end that justice will be done, unhampered or influenced in any way by any outside circumstances or public clamor.

If this action were to go on I can very readily see what will happen. Under the liberal Federal Rules plaintiffs may and without doubt will start to take depositions of witnesses. This may very well include the District Attorney who is conducting the investigation, the peace officers of the County and State and all the other defendants as well as the witnesses who have or who will testify before the Grand Jury. I fear that the work of the Grand Jury will be impeded. There should be some semblance of secrecy of a Grand Jury's investigation, particularly in a matter of this kind. I realize that there is no secrecy imposed on a witness before a Grand Jury either as to the fact that he has testified or as to the testimony given by him. People v. Minet, 296 N.Y. 315, 73 N.E.2d 529, 4 A.L.R.2d 386.

All the more, this makes me feel that this cause with its examination before trial should be stayed until the Grand Jury has finished its labor. It is no secret as a rule as to what witnesses are produced before a Grand Jury, and one may be certain that in a matter of this import the names of those who testify before the Grand Jury are public property.

I can see what may very well happen. Again great publicity while the Grand Jury is at work endeavoring to sift through all the facts and make a full and complete investigation. Again I repeat that the Grand Jury should be permitted to do its work without any outside clamor or publicity.

The stay herein granted in no way will defeat plaintiffs' right to recover herein. Neither may it be said (as alleged in plaintiffs' brief) that the granting of this stay "demonstrates a continuing conspiracy of the kind alleged in plaintiffs' complaint and will have the effect of destroying the rights created by these statutes and the United States Constitution."

As a matter of fact the short delay imposed here can have no effect on any of plaintiffs' rights. Our calendar is in such shape now that even if no stay were granted the case, with all celerity, could not be tried until the fall or winter and perhaps not then.

As a matter of fact time has not been of the essence until now. The last alleged wrong was committed on September 4, 1949, the complaint was filed on December 15, 1949, and most of the defendants were served with process on January 12, 1950 and one as late as January 25, 1950.

Motion granted except as above stated. Answers to be served within 20 days after service of the order on this decision with notice of entry.

Settle order on notice.