THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* REGIS LA BRECQUE, Defendant.

Supreme Court, Special Term, Suffolk County, July 12, 1950.

*Jacob Bromberg* for defendant.

*Harry C. Brenner, Acting District Attorney,* for plaintiff.

COLDEN, J. The defendant moves to inspect the minutes of the grand jury in order to enable him to make and sustain a motion to dismiss the indictment found thereon.

It clearly appears from the minutes of the grand jury which were submitted to the court by the District Attorney that the mother of one of the complaining witnesses was present when her daughter, seven years of age, testified before the grand jury. If the presence of the mother under such circumstances is a violation of subdivision 2 of section 313 of the Code of Criminal Procedure, the defendant's motion to inspect the minutes need not be granted. The court will dismiss the indictment on its own motion.

Section 313 of the Code of Criminal Procedure, so far as here pertinent, provides: " The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: * * * 2. When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four." The exceptions referred to in the statute are not germane to the present problem.

The words " under consideration," as used in the foregoing statute, have been construed " to refer to all the proceedings had in the grand jury room in so far as including the reception of evidence and the ultimate action upon it." (*People* v. *True-Sport Pub. Co.,* 160 Misc. 628, 636.) That construction was expressly approved by the Court of Appeals in *People* v. *Minet* (296 N. Y. 315, 319) where the problem now before the court was discussed.

In the *Minet* case (*supra*) two sisters, one of whom was the complaining witness, were permitted to enter the grand jury room together upon representation of the latter, made through

her father and sister, that she was "somewhat afraid or nervous". Both the complaining witness and her sister testified, but the latter's testimony was conceded by the District Attorney to add nothing of probative value to the case. The County Judge denied a motion to dismiss the indictment made upon the ground that an unauthorized person was permitted to be present while the Grand Jury had the charge under consideration. The Fourth Department, two Justices dissenting, affirmed defendant's conviction (271 App. Div. 345) passing only upon the question presented, namely, the effect of the presence of the sister of the complaining witness upon the indictment. Their affirmance was based upon the grounds that no statute prohibited the presence of two witnesses simultaneously in the grand jury room and that there was no showing of undue influence exerted by the additional witness which was prejudicial to the defendant. The Court of Appeals, however, reversed unanimously, noting (pp. 321–323): " We think that historically and on principle an indictment should be dismissed when two witnesses have been presented together while the testimony of one or both was heard by the grand jury and that the decision should not be made to depend upon whether or not a defendant was actually prejudiced thereby. * * * Except in the clearest situations it would be practically impossible to show influence or prejudice. * * * A change in expression, a pressure on the hand or a warning glance would not be shown upon the minutes but might well influence, suppress or alter testimony to the prejudice of the defendant. * * * We think the practice offers too great a possibility for the exercise of undue influence to be condoned. * * * The District Attorney refers to one who takes no active part in the proceedings as an automaton. In our State it will be found that generally speaking no person other than the District Attorney, the stenographer and, if necessary, an interpreter is ever permitted to be present in the grand jury room during the examination of a witness with one exception. When a prisoner is called to testify against an accused or, under a waiver of immunity, in his own behalf, a warden of the grand jury — a county official — stands beside him to prevent an escape. No case disclosing any other exception has been cited to us and we have found none. The warden might properly come within the District Attorney's concept of an automaton under the circumstances. That, of course, is not the role required of or occupied by one called upon to accompany a fearful or nervous witness

before a grand jury. On such occasion the presence of the companion is to attempt to insure the giving of testimony which might not otherwise be uttered. Such presence might also improperly suppress as well as elicit testimony, as we have pointed out * * *."

The principle laid down by the Court of Appeals in *People* v. *Minet* (*supra*) requires this court to hold that the presence of the mother of one of the complaining witnesses in the grand jury room while her daughter was testifying, requires, even without a showing of undue influence to the prejudice of the defendant, a dismissal of the indictment. Accordingly, the motion of the defendant is denied and the indictment is dismissed on the court's own motion.

Submit order.