John J. Walsh, J.
Defendant Centolella moves to dismiss an indictment against him returned by the May Grand Jury for the crime of burglary in the third degree and grand larceny in the second degree pursuant to subdivision 2 of section 313 of ' the Code of Criminal Procedure.
Section 313 of the Code of Criminal Procedure, so far as here pertinent, provides: “ The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: * * * *665 2. When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four.”
The exceptions stated in the code refer to certain Judges and prosecuting officials who have taken the constitutional oath of office (renum. as Code Grim. Pro., §§ 255, 256 and 257 respectively by L. 1954, ch. 305) and these exceptions are not germane to this opinion.
Historically and practically, the Grand Jury divides its work into two phases, the reception of evidence, and then the expression of opinions or deliberations followed by the casting of votes upon any matter. The secrecy of the proceedings before the Grand Jury is a fundamental principle of justice and the law makes every effort to safeguard this secrecy.
It limits, therefore, the persons who may be present during the reception of evidence (Code Grim. Pro., §§ 255-257) and prohibits the presence of any person except the Grand Jurors during their deliberations and the voting upon an indictment (Code Grim. Pro., § 257).
Defendant Centolella contends that on May 12, 1959, as appears from the affidavit of Anthony J. Fernicola, Esq., an attorney who was outside the Grand Jury room at the time, Detective De Fazio of the Utica Police Department and Identification Officer Walter Hoetzer entered the Grand Jury rooms and that immediately thereafter the said door was closed; that after a period of time Hoetzer left the Grand Jury room and departed and some time after that Detective De Fazio left the Grand Jury room. There is no allegations that either Hoetzer or De Fazio was present while the other testified.
Although the District Attorney moved to dismiss the motion on the ground that the papers submitted were insufficient, an answering affidavit was requested by the court and submitted.
The answering affidavit discloses that Mr. Hoetzer testified before the Grand Jury and left some files therein, and that when Detective De Fazio was called to testify, Mr. Hoetzer came in with him and inquired whether he might have his files back; that he received them and departed before Detective De Fazio was sworn or testified.
It has been held that where two witnesses were sworn and testified before a Grand Jury together, the indictment must be dismissed and this regardless of whether or not the defendant was actually prejudiced thereby. (People v. Minet, 296 N. Y. 315 [1947].)
*666 An indictment was likewise dismissed where a mother was present with her nervous daughter during her testimony before the Grand Jury, even though there was no evidence of undue influence to the prejudice of the defendant. (People v. La Brecque, 198 Misc. 470 [1950].)
While it is clear from the affidavits submitted that no unauthorized person was present during the reception of evidence or the deliberations and voting by the Grand Jurors of the indictment, defendant Centolella contends that the statute must be strictly adhered to and construed and that ‘‘ unauthorized persons were in the Grand Jury presence while the said body was considering the matters embraced in the indictment ’ ’ returned against him.
The statute forbids the presence of unauthorized persons, ‘ ‘ while the charge embraced in the indictment was under consideration ” (Code Grim. Pro., § 313, subd. 2; italics supplied).
The words “under consideration” have been construed to refer “ to all proceedings had in the grand jury room in so far as including the reception of evidence and the ultimate action upon it.” (People v. Tru-Sport Pub. Co., 160 Misc. 628, 636.)
If this court were to stretch the meaning of “under consideration ’ ’ to include those intervals of time during which the Grand Jury may be sitting but waiting for another witness to be sworn and not actually “receiving evidence” or deliberating or voting on an indictment, we would distort the real sense of the statute and do violence to its practical and sole purpose which is the secrecy of the testimony and the uninfluenced character of the deliberations of the Grand Jurors.
Since there is no evidence before the court that Hoetzer was present at any time that De Fazio was sworn or began testifying, the motion to dismiss the indictment is denied.