Timothy J. Sullivan, J.
The defendants, Herbert Posner and Reuben Posner, have brought on simultaneous motions for identical omnibus relief. Since the issues involved are the same and the movants are codefendants under one indictment, the court is considering and deciding the issues in both cases herewith.
Defendants are both attorneys who have been indicted with four other individuals in a multi-count indictment which was returned by the Grand Jury of Westchester County after an extensive investigation into alleged irregularities in a series of real estate transactions in the Counties of Westchester, Saratoga, Orange and New York. The defendant, Herbert Posner, is charged with commercial bribe receiving and perjury. The defendant, Reuben Posner, is charged with six counts of grand larceny, forgery, possession of a forged instrument, offering a forged instrument for filing, and two counts of perjury. Both defendants were arraigned on December 3, 1970 and entered pleas of not guilty. Defendants’ time for making motions was extended on consent of the People to April 5, 1971, and these motions were made within that time limitation and subsequently adjourned by consent.
The defendants seek the following relief:
1. An order permitting them to withdraw their pleas of ‘ ‘ not guilty” with leave to enter a demurrer if certain other relief requested herein be denied;
*620 2. An order directing the District Attorney to return certain papers and records which had been produced before the Grand Jury that returned the indictment;
3. An inspection of the Grand Jury minutes with leave to move against the indictment after such inspection, or in the alternative, for the court’s inspection of the minutes and dismissal of the indictment;
4. That the court .treat this application as a demurrer and dismiss the indictment; and
5. Leave to make further motions herein.
The motion addressed to an inspection of the Grand Jury minutes is predicated on two main arguments: (1) That the indictment is void because there were two Assistant District Attorneys present before the Grand Jury at the same time, and that both assistants conducted an interrogation of these defendants without advising them that they were “ targets. ” (2) That a Grand Jury cannot indict for perjury allegedly committed in its presence because doing so would make the Grand Jury the “ Inquisitor, Accuser and Oontemnor. ”
In .support of these contentions, the defendants rely most heavily on a recent decision of Supreme Court, New. York County, in the case of People v. Ward (66 Misc 2d 392), which is presently pending appeal. In Ward, three Assistant District Attorneys conducted the Grand Jury questioning of the defendant, who was then charged by the same Grand Jury with perjury and criminal contempt allegedly committed in its presence. The defendant in Ward had been told by the Grand Jury that he was being called “ exclusively in the role of a witness ” (p. 393) and he was granted immunity. Justice Culkin dismissed the contempt counts in the indictment on the grounds that the Grand Jury had improperly acted as a petit jury. The learned Justice also dismissed the perjury counts on the grounds that they were vague and not supported by the record. In so doing, Justice Culkih referred to the presence of three Assistant District Attorneys, but did not base his dismissal on that factor alone, although it appears that he did consider such presence as contributing .to the witness’ apparent “ confession.”
Section 255 et seq. of the Code of Criminal Procedure sets forth who may be present during a Grand Jury session. Subdivision 1 of section 255 provides that the Grand Jury may ask for the advice of the District Attorney. It clearly speaks in singular, not plural, terms. Subdivision 2 of section 255 provides for the attendance of the District Attorney, again singular, when required by the Grand Jury. Subdivision 3 *621 of section 255 provides that the singular District Attorney or an Assistant District Attorney must be allowed to appear before the Grand Jury when requested by the District Attorney. Defense counsel interprets these provisions as limiting the right of the People to having a singular District Attorney or assistant present at a Grand Jury inquiry at any one time, relying principally on Justice Culkin’s decision in Ward.
Extensive research by defense counsel, the District Attorney, and the court fails to reveal any other New York case directly involving this issue, with the exception of Ward. Defendants have submitted numerous eases involving unauthorized appearances before a Grand Jury, but none of them involved the precise question presented herewith. Defendants urge an impractical and unduly harsh interpretation of the statute which this court does not agree with, notwithstanding the dicta in the Ward case. The defendants’ literal, singular interpretation of the statute, if carried to its logical next step, would limit appearances before the Grand Jury to the District Attorney, under subdivisions 1 and 2 of section 255, and prohibit attendance by any assistant under those sections. With the volume of criminal cases being presented to the Grand Juries, not even these defendants would urge such a position.
In a case such as this, where there were many witnesses called to testify before the Grand Jury and numerous exhibits presented to it, it would be an unreasonably harsh restriction on the People to limit the presence before the Grand Jury to the District Attorney or one Assistant District Attorney at a time. Orderly presentation of a case to the Grand Jury may require the appearance of the District Attorney and/or one or more Assistant District Attorneys before that body. In this case, an extensive investigation had been conducted and the presentation to the Grand Jury took several days, because of the complexity and intricate detail of many intermingled transactions, with many witnesses and exhibits as stated above. Common sense, as well as a fair reading of the statute, dictates that more than one Assistant District Attorney be allowed to appear before the Grand Jury when orderly presentation requires it. This interpretation is supported by looking at the history and purpose of the Grand Jury.
As stated in People v. Minet (296 N. Y. 315, 322) : “ It is a serious matter for any individual to be charged with a crime whether the charge be true or false, ” and that is the reason for the secrecy of Grand Jury proceedings.
“ The grand jury is an ancient institution. It has always been venerated and highly prized in this country. It has been *622 regarded as the shield of innocence against the plottings of private malice, as the defence of the weak against the oppression of political power, and as the guard of the liberties of the people against the encroachments of unfounded accusations from any source. These blessings accrue from the grand jury because its proceedings are secret and uninfluenced Iby the presence of those not officially and necessarily connected with it. It has been the practice for more than two hundred years for its investigations to be in private, except that the district attorney and his assistant are present. Secrecy is the vital requisite of grand jury procedure. ” (Matter of Opinion of Justices, 232 Mass. 601, 603; emphasis supplied.)
As stated above, it is to keep inviolate the secrecy of Grand Jury proceedings, that statutes have been enacted and the common-law principles prohibiting unauthorized appearances •or presence at Grand Jury proceedings have been continued and amplified through the years. The presence of two duly sworn and authorized Assistant District Attorneys does not threaten the secrecy of the Grand Jury proceedings. While section 255 of the code speaks in terms of the singular District Attorney or assistant, subdivision 3 authorizes the Attorney-General or his assistants (plural) to be present before the Grand Jury in certain instances. There is no reason to permit more than one Assistant Attorney-General to appear before a Grand Jury but to deny that right to the District Attorney’s office. While this question has not heretofore been directly passed upon in New York, with the exception of the Ward decision (supra) the appearance of multiple Assistant District Attorneys has been impliedly approved in Ward Baking Co. v. Western Union Tel. Co. (205 App. Div. 723, 728) wherein it was stated: “ No person may be admitted to the presence of a grand jury except the district attorney of the county, his assistant, a witness and the stenographer who keeps the minutes. ”
In People v. Scannell (36 Misc. 40, 41) it was stated that:
1 ‘ The only persons who are permitted to be present during a session of the grand jury, when the charge is being considered, are (1) the court (2) the district attorney (3) the witness. I am unable to find anywhere in the statutes of this State, declaratory of the official rights and duties of the prosecuting officer of this county, any other than the single expression, £ District Attorney ’. Strictly interpreted, this might be held to be but one man. In my opinion, however, it includes every duly appointed and qualified assistant district *623 attorney, empowered to aot for and represent the district attorney. * * *
“ The appointment of assistant district attorneys is provided for by law, and, when duly appointed they may act in the place and stead of the district attorney. ”
While the defendants cite People v. Minet (296 N. Y. 315, supra) in support of their argument, it is interesting to note that by clear implication, the court in that case would have approved the appearance of the District Attorney and an assistant (p. 323) while properly dismissing the indictment because it was two witnesses who were present before the Grand Jury at one time. Since a witness before a Grand Jury is not under compulsion to remain silent once he has left the jury room, the presence of two witnesses at one time might destroy the secrecy which is sought to be preserved. Minet does not support the defendants’ contentions herein. Similarly, the other cases, involving various unauthorized appearances, cited in support of the motion, have no bearing on the facts herein. This court therefore holds that the presence of two Assistant District Attorneys before the Grand Jury and their joint questioning of the defendants before that body are not sufficient grounds to invalidate the indictment.
The defendants further claim that a reading of the Grand Jury minutes will show that they were prejudiced by the attitudes and intonation of the questioning by the two Assistant District Attorneys; that they were each interrogated in tandem, badgered, threatened and cross-examined “ to taint and turn the Grand Jury against ’ ’ them. The court has inspected the minutes and there is nothing therein to support these allegations. In fact, the court affirmatively finds that no prejudice whatsoever inured to either defendant by the presence of and questioning by the two Assistant District Attorneys.
The second issue presented on this branch of the motion is whether or not a Grand Jury may indict for perjury allegedly committed in its presence. Defendants contend that the perjury counts must be dismissed because a Grand Jury cannot be the 1 ‘ Inquisitor, Accuser and Contemnor. ’ ’ Defendants apparently fail to understand the difference between an indictment and a conviction. A Grand Jury proceeding is an investigation rather than a prosecution directed against the witness. (People v. Ianniello, 21 N Y 2d 418, 424.) An indictment is merely a written accusation by a Grand Jury charging a person with a crime. (Code Crim. Pro., § 247.) The Grand *624 Jury herein has accused the defendants of perjury. It is not a trial jury, has not and cannot pass on the defendants’ guilt or innocence of the perjury charges. Hence the defendants’ allegation is without merit. In support of this novel claim, defendants have submitted no authority to substantiate their allegation that a Grand Jury cannot indict for a crime allegedly committed in its presence. (People v. Walsh, 92 Misc. 573) cited in the defendants’ brief, is inapplicable. Mayberry v. Pennsylvania (400 U. S. 455) does not help these defendants. In Mayberry, the Supreme Court of the United States held that a Trial Judge cannot sentence a defendant for contempt of court committed in his presence during the course of a trial. Mayberry directed that the contempt charges be tried before a Judge other than the one before whom the contempt was committed. The court’s reasoning is sound, namely, to have an impartial Judge try the charges and impose the sentence. Mayberry does not prohibit a Judge from charging a defendant with contempt committed in his presence. Nor does it prohibit a Grand Jury from accusing a witness before it of either contempt or perjury. The perjury charges herein will not be tried before the Grand Jury, hence the fallacy of defendants’ position is clear. In People v. Tomasello (21 N Y 2d 143) the Court of Appeals reinstated a Grand Jury indictment charging a defendant with perjury committed in its presence. Although the issue was not argued in Tomasello, as the District Attorney points out, it is not likely that the Court of Appeals would reinstate an invalid indictment. Accordingly, this court finds the defendants’ argument in this regard to be without merit.
With respect to the allegation that the defendants were “targets” of the Grand Jury investigation, and as such, received immunity from prosecution notwithstanding their signing of waivers of immunity (People v. Tomasello, supra ; People v. Ianniello, 21 N Y 2d 418), defendants do not factually support this claim. Bach defendant simply states in his affidavit that: “In July and August, of 1970, at the request of the District Attorney’s Office, I appeared voluntarily before the Grand Jury and signed a waiver of immunity; I was nqt told that I was a 1 target ’, a prospective defendant at anytime ”.
The District Attorney states that the defendants had contacted the District Attorney’s office and requested to appear since they had heard that the investigation was reflecting unfavorably on them. If defendants were actual targets of the investigation, then all but the perjury charges would fall. *625 (People v. Ianniello, supra ; People v. Goldman, 21 N Y 2d 152 ; People v. Tomasello, supra ; People v. Gillette, 126 App. Div. 665.) The court has read the testimony before the Grand Jury and finds that the defendants were not targets of the investigation. Both Posners had represented, as attorneys, some of the participants in various real estate transactions which were the subject of the investigation. Certain codefendants were targets. These defendants were not. Accordingly, the court finds no merit in this defense argument.
Defendants contend further that the indictment should be dismissed because of alleged improper joinder of counts and defendants. Considering the indictment in its entirety (People v. Willis, 158 N. Y. 392), and after having inspected the Grand Jury minutes, the court finds that the counts in this indictment are properly joined in one indictment (Code Crim. Pro., § 279); that the defendants are properly joined as codefendants; and that the evidence presented to the Grand Jury was in all respects sufficient to warrant return of the indictment. (Code Crim. Pro., § 251.)
In view of the foregoing, the defendants’ motion for leave to demur is denied. Section 322 of the Code of Criminal Procedure provides that a demurrer must be put in at arraignment or at such other time as may be allowed to a defendant. The defendants’ time to demur has not been extended herein. Defendants have pleaded “ not guilty” to the charges against them. Since the court has decided the other branches of this motion against the defendants, the application to demur is academic. Upon a demurrer in this case, the court would of necessity dismiss such demurrer and direct the defendants to plead to the indictment. The court therefore denies defendants’ request for leave to demur, since none of the grounds for demurrer under section 323 of the Code of Criminal Procedure, exist herein.
Defendants further ask for an order directing the District Attorney to return certain unspecified papers which they produced before the Grand Jury. The District Attorney is directed to return such papers within 10 days after the date of this order, if the papers have not already been returned.
The application for leave to make further motions herein is denied. Defendants have had ample opportunity to seek by motion any relief to which they may deem themselves to be entitled. In furtherance of providing all defendants in criminal cases with speedy dispositions as now required by the Court of Appeals and the Judicial Conference, this court has established a 30-day time limit for motions. Defendants were *626 arraigned on December 3, 1970. Absent special circumstances, the 30-day rule will be adhered to.
It is therefore the decision and order of this court that the defendants’ motions be denied in their entirety, except as to the return of their papers, as set forth herein.