OPINION OF THE COURT
John H. Pennock, J.
In this ongoing investigation by the People of nursing homes entities and related companies, a witness seeks the right to take notes of his testimony that is elicited upon his appearances. The stage was set at a Grand Jury session on March 22, 1978 when the foreman of the Grand Jury denied him the right to take notes of his testimony. The witness on a previous appearance on March 15, 1978 had taken notes which were placed in a sealed envelope on agreement of the Special Prosecutor for nursing homes and the witness’ attorney. When the witness was denied the right to take notes he refused to answer subsequent questions. The witness was *176 permitted to consult with counsel during the sessions and no issue is raised on that principle.
The People apply before this Supreme Court for an order requiring the witness to answer questions and refrain from taking notes. The Special Prosecutor urges that CPL 190.25 (subd 4) provides that proceedings of a Grand Jury are secret. This section also specified the persons who are prohibited from disclosing any Grand Jury matters and a witness is not one of those specified. The People further urge that the proceedings of a Grand Jury are secret by operation of law; however, the statute relied upon by both parties contains no prohibition of disclosure by a witness. (CPL 190.25, subd 4.) A witness is not restricted from revealing what occurred before a Grand Jury during that witness’ testimony (People v Minet, 296 NY 315; People v Doe, 47 Misc 2d 975, affd 24 AD2d 843). The People urge that denying the witness the right to take notes in the Grand Jury session does not interfere with the right of the witness to effective assistance of counsel and is not violation of the principle as set forth in Ianniello. (People v Ianniello, 21 NY2d 418, 425, cert den 393 US 827.) In that case the Court of Appeals succinctly sets forth the rules and held that whenever a witness asks to see his lawyer concerning his legal right he should be given an opportunity to do so. However, that case did not provide for consultation in respect to strategic advice. The People also argue that the Grand Jury should be protected from the possibility of perjured or conformed testimony. Just how such a protection could be afforded the Grand Jury is beyond the present concept of procedure and practice. Grand Juries have not had any great difficulty in presenting perjury indictments.
The People further urge that allowing a witness to take notes would, of necessity, disrupt the smooth functioning of the Grand jury. This point does have merit. Such a practice if allowed would result in disorder and confusion of the Grand Jury process. The next step would be a tape recording of the questions and a consultation with the witness’ attorney. I see no violation of the witness’ right to counsel in denial of the "scribe rights”. (US Const, 6th Arndt.)
The witness’ main thrust is the violation of his right to counsel. I disagree. The witness is already under oath to testify truthfully. In fact he is not entitled to any Miranda warning. The Supreme Court of the United States has so held. (United States v Mandujano, 425 US 564.) I see no merit in *177 permitting a witness to take notes, particularly of the questions asked when he has counsel within a few feet of the witness chair. He may consult with his counsel within minutes of the alleged offensive question. Our legal system provides methods for challenging the government’s right to ask questions, lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood. (Bryson v United States, 396 US 64, 65-72.) The Grand Jury process is not an entrapment procedure. In fact, the Grand Jury stands between a citizen and the government and there is no presumption that it has the intent to entrap a witness into a perjured testimony. Further a Grand Jury has the duty to protect a witness from an overzealous prosecutor to prevent a manipulated perjury entrapment. At any time that the witness feels he is subject to such manipulation he may complain to the foreman, and his attorney, and seek a court decision on the alleged infringement.
In conclusion, the motion is granted, not on the grounds as urged by the People in respect to violation of secrecy but on the grounds that the defendant witness is not aggrieved at this juncture and that the Sixth Amendment of the United States Constitution does not extend to the right to take notes of each question presented to a witness nor does it extend to the right to take notes of the answers.
The defendant’s cross motion for a stay pending determination of an appeal is denied.