OPINION OF THE COURT
Emily Jane Goodman, J.
The defendants move, inter alla, for inspection of Grand *412 Jury minutes and dismissal of the indictment against them. The court has conducted a careful in camera review of the minutes and, for the following reasons, the motions to dismiss the indictment are granted.
The main evidence presented to the Grand Jury in this case was a videotape of the complainant’s testimony recorded while the complainant was hospitalized. According to the transcript provided to the court, the prosecutor stated on the videotape: "there is a patient of this hospital, who is in a bed across the room, who is currently attached to a suction machine, after undergoing surgery and cannot be removed from said room”. The minutes do not indicate why the proceedings and the complaining witness could not be moved to an area where secrecy and privacy could be maintained or why other secure arrangements could not be made.
The proscription against unauthorized persons attending Grand Jury proceedings is deeply engrained in English, United States and New York State law. It serves to protect not only those accused of crimes, but also those conducting law enforcement investigations and those offering testimony. (Matter of District Attorney of Suffolk County, 58 NY2d 436 [1983].) "Secrecy is a vital requisite of Grand Jury proceedings * * * and its actions and deliberations must be 'uninfluenced by the presence of those not officially and necessarily connected with it’ ”. (People v Di Falco, 44 NY2d 482, 488 [1978]; see also, People v Minet, 296 NY 315, 319-320 [1947].)
The confidentiality of the Grand Jury process is codified by statute and its provisions must be strictly construed. (Matter of June 1982 Grand Jury, 98 AD2d 284, 286 [3d Dept 1983].) Absent a court order, evidence must not be disclosed to persons other than the jurors or to certain specified persons assisting the Grand Jury in its investigation. (CPL 190.25 [4].) The statute specifically lists who may be present during the Grand Jury proceedings in general (CPL 190.25 [3]), as well as during videotaping testimony to be presented to a Grand Jury (CPL 190.32 [5] [c]). The latter section also requires that "[e]ach person present, except the witness, must, if he has not previously taken a constitutional oath of office or an oath that he will keep secret all matters before a grand jury, must take an oath on the record that he will keep secret the videotaped examination.”
The unidentified patient present during the videotaped examination of the complainant clearly was not one of the *413 persons authorized by statute to be present, nor did he take any oath to keep the testimony secret. There is no question that his presence violated CPL 190.25 (3) and (4) and 190.32 (5) (0.
To warrant dismissal on these grounds, however, the proceedings must fail to conform to the requirements of CPL article 190 "to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” (CPL 210.35 [5].) Actual prejudice need not be shown; the court "need determine only whether the presence of an unauthorized [person] may sufficiently create the possibility of prejudice”. (People v Di Falco, supra, at 487-488 [emphasis added].)
Not surprisingly, there are few published opinions on the general subject of unauthorized persons present during Grand Jury proceedings. Most of these cases involve the presence of unauthorized prosecutors where the potential for prejudice to the defendant clearly exists as a matter of law. (People v Di Falco, supra; People v Beauvais, 90 AD2d 897 [3d Dept 1983]; People v Kotler, 143 Misc 2d 287, 289 [Crim Ct, Kings County 1989]; People v Krstovich, 72 Misc 2d 90 [Greene County Ct 1972].) The potential for prejudice stemming from the unauthorized presence of nonprosecutorial persons, however, must be evaluated on a case-by-case basis. (See, People v Minet, supra; People v Hyde, 85 AD2d 745 [2d Dept 1981]; People v 80 Main St. Theatre Corp., 88 Misc 2d 471 [Nassau County Ct 1976].)
Since the Grand Jury proceedings are not adversarial, the court has a special duty to ensure that the potential for prejudice is absent. The possibility of prejudice arising from the presence of an unauthorized person while testimony is being given may be very subtle. For example, in discussing the impropriety of one witness testifying in the presence of another, the Court of Appeals noted that: "[e]xcept in the clearest situations it would be practically impossible to show influence or prejudice. * * * There may have been prior expressions or conversations between the two witnesses which the one then giving testimony might well hesitate to repudiate or modify in the presence of the other.” (People v Minet, supra, at 322.)
These very dangers of a witness exaggerating testimony or withholding crucial information are present here. As the alleged victim of violent criminal activity, the complainant may have harbored a justifiable fear of his assailants. This *414 raises the possibility that he could have been apprehensive about testifying before a person who was free to disclose that testimony and, therefore, may have felt it prudent to tailor his testimony. While the nontestifying patient may have been quite ill, there is no indication that he was unable to hear, comprehend or repeat the complainant’s testimony. Nor has anything been presented to show that, in fact, the nonwitness patient is unrelated to the proceedings or underlying incident. Clearly, however, the complainant was aware of the presence of the other patient. Any interaction between the complainant and the other patient, prior to the farmer’s testimony and the latter’s operation, could have affected what the complainant chose to say. Thus the possibility cannot be eliminated that the presence of this unauthorized person may have influenced the veracity or completeness of the complainant’s testimony.
Accordingly, I find that the potential for prejudice to the defendant existed; that the prosecution’s disregard for maintaining strict secrecy regarding this crucial testimony could have been prevented, but was not; that as a result the integrity of the Grand Jury proceedings was impaired. The indictment is therefore dismissed with leave to the People to represent.