OPINION OF THE COURT
Duncan S. McNab, J.
Defendants Dominick and Roger De Ruggiero stand charged, along with their brother John and nephew Stanley, with the November 15, 1976 shotgun murder of Ronald "Butch” Futia in Yonkers. A first joint trial of Roger and Dominick ended in a mistrial as a result of jury misconduct. Now, during the course of the People’s direct case upon retrial, an unusual question of law, apparently not encountered in any reported case since the CPL amendments of September 1, 1971 went into effect, has arisen.
Following the close of court at approximately 5:30 p.m. on Friday, September 15, 1978, and pursuant to an understanding previously entered into by the court and the attorneys, the *459 People turned over various items of Rosario material with respect to those witnesses the People anticipated would be called on their direct case on Monday, September 18. This material included the Grand Jury testimony of two Yonkers detectives, Detective Raifa and Detective Sargeant Christopher, who had worked on the Futia homicide from the outset. Prior to the start of court on Monday, September 18, defendant Roger De Ruggiero brought on an oral motion,* joined in by codefendant Dominick, to dismiss the indictment pursuant to CPL 190.25 (subd 3) on the grounds that both of the above-named detectives had testified at the Grand Jury contemporaneously, thereby violating the rule set forth in People v Minet (296 NY 315), decided under section 313 of the former Code of Criminal Procedure, that only one witness is authorized to testify at one time. The defendants point out that in People v Minet (supra), a rape case where the complaining witness testified in the presence of her sister, the indictment was dismissed based on the fact, standing alone, that one witness had testified in the presence of another, without any requirement being imposed on the defendant to show actual prejudice. Defendants also, quite properly, point out that under present law, a defendant still need not show actual prejudice in order that such a motion be sustained.
Nevertheless, this court is persuaded that CPL 210.35, enacted as a successor statute to section 313 of the Code of Criminal Procedure, effective September 1, 1971, has in fact wrought a significant change in the law with direct bearing upon the instant motion. First, section 313 of the former Code of Criminal Procedure, unlike CPL 210.35 (subd 5), contained absolutely no mention of any prejudice requirement; secondly, whereas section 313 of the former Code of Criminal Procedure specifically enumerated the presence of an unauthorized person as a ground for a motion to dismiss, CPL 210.35, in subdivisions 1 through 4 does not, and therefore the alleged violation here must fall under the subdivision 5 dragnet provision. The purposeful change from the predecessor statute is perhaps best summed up in then Professor, now Judge, Denzer’s Practice Commentary to CPL (McKinney’s Cons Laws of NY, Book 11 A, CPL 210.35, p 384), wherein he states: *460 "This section replaces an archaic Criminal Code provision (§ 313) defining a very narrow motion based upon formal defects in the indorsement and filing of the indictment, or upon the presence during the grand jury proceeding of some person not authorized to be there.” (Emphasis added.)
The latter section provides as follows:
"§ 210.35 Motion to dismiss indictment; defective grand jury proceeding
"A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when:
"1. The grand jury was illegally constituted; or
"2. The proceeding is conducted before fewer than sixteen grand jurors; or
"3. Fewer than twelve grand jurors concur in the finding of the indictment; or
"4. The defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of section 190.50; or
"5. The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity therof is impaired and prejudice to the defendant may result.”
Thus, while it is clear that a defendant need not show actual prejudice, it is equally clear that a defendant is no longer entitled, under present law, to dismissal for a violation of CPL article 190, standing alone; rather, as the Appellate Division unanimously held in People v Percy (45 AD2d 284) wherein a dismissal was granted for failure to record instructions to the Grand Jury, a "possibility of prejudice” and an impairment of the Grand Jury’s integrity pursuant to CPL 210.35 (subd 5), must be shown. And see People v 80 Main St. Theatre Corp. (88 Misc 2d 471), motion to dismiss denied based on presence of an unauthorized person, a motion picture projectionist in an obscenity case, at the Grand Jury; while factually inapposite, since projectionist acted in a purely ministerial capacity, and not as a witness, the court therein, citing People v Percy (40 AD2d 284, supra) also applied the "possibility of prejudice” test pursuant to CPL 210.35 (subd 5), which this court agrees is the proper test.
The court has thoroughly examined the Grand Jury minutes of Detective Raffa’s and Detective Sargeant Christopher’s joint testimony of February 9, 1977. By way of background, *461 the court would note that during the month just preceding the detectives’ Grand Jury appearance, a mechanical eavesdropping device, or "bug”, had been installed in the home of codefendant Roger De Ruggiero, and a wiretap placed on his phone, both pursuant to court authorization. Throughout that period, both Detectives Raffa and Christopher had observed the comings and goings of numerous individuals at Roger’s home and had overheard both codefendants, and others, in many hours of conversation, the subject of a two-month pretrial minimization hearing, decided April 7, 1978. The subject matter of the detectives’ Grand Jury testimony relates entirely to identification of the various voices overheard during the period of the court-authorized eavesdropping, Raffa making identification of male voices and Christopher, female voices.
In view of the many, many hours of listening engaged in by the detectives, the frequency with which both codefendants were on the premises, and the fact that the tapes have previously been found to be as a whole sufficiently audible, the court is not persuaded that a bona fide "possibility of prejudice” was created by this testimony. At no point was either detective asked to buttress or confirm the identifications made by the other. Moreover, faced with a multitude of segments of tape to be played, the two detectives were presented together at the Grand Jury simply to expedite the process of playing the tapes; neither was asked to interpret the tapes or to discuss the substance of the conversations. In short, the two detectives herein gave testimony of an extremely limited nature, a far cry from the situations encountered in the People v Minet (296 NY 315, supra) case and People v Karney (23 AD2d 924) where female complainants in sex cases gave substantive testimony directly pertaining to guilt or innocence in the presence of other witnesses.
Thus, on the unusual facts of this case, the court is satisfied that the calling of these witnesses together did not "impair the integrity” of the instant Grand Jury proceedings, under CPL 210.35 (subd 5). However, by its decision herein, the court in no way means to suggest any diminution of the prohibition against having two witnesses testify simultaneously at the Grand Jury; such practice, carrying with it its great potential for improper bolstering of testimony and other abuses of the Grand Jury system, is to be avoided, and may still result in dismissal under present CPL 190.25 and 210.35 (subd 5), *462 provided a proper showing of possible prejudice can be demonstrated.
Defendants’ motion to dismiss is hereby denied.

 The court recognizes that the first opportunity the defendants had to examine this Grand Jury testimony was on Friday, September 15, and thus the court feels there is sufficient "good cause” to entertain this admittedly eleventh-hour motion on its merits, and to waive the need for a written motion because of the court’s desire to rule on the motion without delaying trial. (See CPL 255.20, subd 3.)