■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM COLA WILSON, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered November 6, 1978, upon a verdict convicting defendant of one count of the crime of sodomy in the first degree and six counts of the crime of sexual abuse in the first degree. As a result of several incidents which allegedly occurred at various times between August 1, 1977 and December 31, 1977, defendant was indicted by a Fulton County Grand Jury on five counts of rape in the first degree, three counts of sodomy in the first degree and two counts of sexual abuse in the first degree. The crimes charged were all allegedly perpetrated upon a five-year-old girl who was the daughter of the woman with whom defendant was living in a mobile home in the Town of Mayfield, Fulton County. Following a jury trial, defendant was convicted on one count of sodomy in the first degree and one count of sexual abuse in the first degree, and with regard to each of the five rape counts he was convicted of the lesser included offense of sexual abuse in the first degree. He was thereafter sentenced on the sodomy conviction to an indeterminate term of imprisonment with a maximum of 21 years and a minimum of seven years, and he received six indeterminate sentences of zero to seven years on the sexual abuse convictions. All of the sentences imposed were to run concurrently. On this appeal defendant argues that the indictment against him should be dismissed pursuant to CPL 210.35 on the ground that the Grand Jury proceeding was defective and failed to conform with CPL article 190. We disagree. Basically, it is defendant's position that the proceeding was defective because Suzanne Hoyt remained in the Grand Jury room, after she had testified, to be with her daughter while she testified, and thereby provide her daughter with moral support. While under former law the presence of the two witnesses together might by itself have mandated a dismissal of the indictment (see *People v Minet,* 296 NY 315), it is now clear that under CPL 210.35 (subd 5) an indictment will not be dismissed unless it is demonstrated that the presence of two witnesses together may have possibly resulted in prejudice to the subject defendant *(People v Di Falco,* 44 NY2d 482; *People v De Ruggiero,* 96 Misc 2d 458). In this instance, no adequate showing of possible prejudice to defendant has been made. There is nothing in the record to suggest that Suzanne Hoyt did anything in the Grand Jury room to influence her daughter's testimony, and while her presence with her daughter may have been technically incorrect, it is certainly understandable that she was permitted to remain to provide reassurance to her then six-year-old daughter, while her daughter went through the trying experience of testifying as to several sexual experiences with defendant. Significantly, both the foreman and the assistant foreman of the Grand Jury have stated in sworn affidavits that, having observed the testimony of both mother and daughter, it was their belief that the presence of Suzanne Hoyt in no way prejudiced defendant or affected the truthfulness and reliability of the testimony of her daughter. In sum, we are left with only Suzanne Hoyt's presence as the alleged source of prejudice, and, in our view, under the circumstances presented, this defect by itself does not

demonstrate a reasonable possibility of prejudice so as to warrant dismissal of the indictment (see *People v Di Falco, supra,* p 488). Similarly, there is no merit to defendant's contention that the highly inculpatory statement which he gave to the police was involuntary and should have been suppressed. On this issue questions of credibility were presented by the sharp conflict between the testimony of various witnesses, and since there is ample evidentiary support for the ultimate finding that the statement was voluntary, that finding should not be disturbed (see *People v Prochilo,* 41 NY2d 759). Defendant's remaining contentions are also lacking in substance. An examination of the record reveals that the defense was given ample opportunity to examine and make use of a medical report on the victim prepared at the direction of the Department of Social Services, and the bill of particulars provided by the People was in all other respects proper. Additionally, the court marshaled the evidence fairly in its charge to the jury, and considering the heinous and despicable nature of the crimes involved here, the sentences imposed upon defendant were certainly not cruel, inhumane or excessive. Lastly, there has been absolutely no showing that the court pressured the jury to reach a verdict. Judgment affirmed. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.