■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER E. HYDE, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 17, 1979, convicting him of promoting prison contraband in the first degree and escape in the second degree, upon a jury verdict, and imposing sentence. Matter remanded to the County Court, Nassau County, for further proceedings in accordance herewith; appeal held in abeyance in the interim. Defendant has alleged, *inter alia,* that four correction officers, who subsequently appeared as witnesses at his trial, were present in the room as guards when he gave his testimony before the Grand Jury, and he contends that their presence inhibited his ability to testify freely and violated the secrecy of the Grand Jury proceedings and mandates a dismissal of the indictment (CPL 210.35, subd 5). Upon the present record we are unable to establish whether these allegations are true. Accordingly, the matter is remanded to the County Court for further proceedings to clarify this issue. Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. SMITH, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 15, 1978, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant's motion to suppress certain physical evidence was properly denied (see *People v Finlayson,* 76 AD2d 670). His remaining contentions are also without merit. Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO VELASQUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 20, 1979, convicting him of criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. Nine months after the narcotics sale in question and after establishment of defendant's identity as the seller, the undercover officer involved in the sale was sent to Puerto Rico to bring defendant, who was being held in a Puerto Rican jail, back to New York. The undercover, rather than another officer, was sent in case it became necessary to establish defendant's identity at an extradition hearing. We hold that the undercover's meeting of defendant at the Puerto Rican prison was not an identification procedure and that the undercover's testimony at trial as to the circumstances of that meeting, testimony which was merely cumulative on the question of identity, did not prejudicially bolster the undercover's other identification testimony. (See *People v Morales,* 37 NY2d 262.) Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.

■ In the Matter of ROBERT BLOOM, Appellant. ABRAHAM J. MULTER, Respondent. — In two proceedings to punish appellant for criminal contempt of court, the appeal is from an order of the Supreme Court, Kings County, dated November 20, 1980, which denied his motion to change the venue of the proceedings from Kings County to New York County. Order reversed, without costs or disbursements, motion granted, and the proceedings are transferred from Kings County to New York County. In view of the fact that the Administrative Judges of Bronx and Kings Counties are prospective witnesses, that a Justice of the Supreme Court, Kings County, is the complainant, and that a former Justice of the Supreme Court, Kings County, is a Special Assistant Attorney-General assigned to prosecute the proceedings, we believe that the possible appearance of any bias or favoritism requires a change of venue of these criminal contempt proceedings from Kings County to New York County. Accordingly, the ends of justice will be better served without undue inconvenience to the parties and their witnesses if the hearing were held in New York County. Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.