■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER E. HYDE, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 17, 1979, convicting him of promoting prison contraband in the first degree and escape in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motions to dismiss the indictment on the ground that there had been a defective Grand Jury proceeding (CPL 210.35, subd 5). By order of this court dated November 24, 1980, the case was remanded to the County Court for further proceedings in connection with defendant's allegation that the integrity of the Grand Jury proceedings was impaired by the presence of four correction officers, as guards, who were subsequently witnesses at defendant's trial (*People v Hyde,* 78 AD2d 905). A hearing has been held and the County Court has filed a report. Judgment affirmed. It was established at the hearing that none of the correction officers who testified before the Grand Jury was present during defendant's testimony before that body. A two-man detail assigned to guard defendant was present during his testimony, and one member of that detail, Sergeant Coburn, subsequently appeared as a witness at trial. The Assistant District Attorney

who presented the case to the Grand Jury testified at the hearing that it was never anticipated that Coburn would appear as a witness. Subsequently, when Coburn did appear as a trial witness, his testimony was of a limited nature, relating solely to the County Sheriff's Department regulation as to who may possess handcuff keys. CPL 190.25 (subd 3, par [e]) authorizes the presence before a Grand Jury of a public servant who is holding a witness in custody. Therefore, Coburn was authorized to be present. Further, even were we to assume that, by his subsequent appearance as a trial witness, his otherwise authorized presence, during defendant's Grand Jury testimony, was retroactively rendered unauthorized, the presence of an unauthorized person before the Grand Jury does not automatically require dismissal (*People v Wilson,* 77 AD2d 713; *People v De Ruggiero,* 96 Misc 2d 458). There must be some showing that the presence of the unauthorized person created a possibility of prejudice, and impaired the integrity of the proceeding (see *People v Calbud, Inc.,* 49 NY2d 389; *People v Di Falco,* 44 NY2d 482; *People v Wilson, supra; People v Percy,* 45 AD2d 284; CPL 210.35, subd 5; cf. *People v Minet,* 296 NY 315). There was no such showing here. Accordingly, the denial of the motions to dismiss the indictment was proper. We have considered the other arguments raised both by counsel and defendant's *pro se* points and find them to be without merit. Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.