■ The People of the State of New York, Respondent, v Ahmed Bailey, Appellant.—Judgment, Supreme Court, Bronx County (Joseph L. DiFede, J.), rendered March 24, 1983, convicting defendant, after a jury trial, of the crime of attempted murder in the second degree (Penal Law §§ 110.00,

125.25), and sentencing him to an indeterminate term of imprisonment of from 8⅓ to 25 years, is unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

The trial evidence, in pertinent part, indicates that at about 6:30 P.M. on August 1, 1981, Mr. Ali Thabey (Mr. Thabey), a grocery store owner, had just purchased merchandise from a Pioneer Supermarket for resale in his own store. The supermarket was located at 164th Street and Morris Avenue in Bronx County. As Mr. Thabey was trying to maneuver his hand truck, stacked with boxes, out of the electric supermarket door, the defendant, who was wearing a ski mask and a brown shirt, approached him, and told Mr. Thabey to go back inside the supermarket. Thereupon, in substance, Mr. Thabey pushed the defendant to the side, and asked him: "Are you crazy or something?" In response, the defendant lifted his arm exposing the barrel of a shotgun, which he fired at Mr. Thabey, wounding him seriously in the upper chest and left arm. Subsequently, defendant fled from the scene on foot. Quickly thereafter, the police apprehended defendant and recovered the shotgun. Shortly after he was in custody, defendant waived his *Miranda* rights, and admitted to having drawn the gun on Mr. Thabey, but he claimed that it discharged accidentally during a struggle with the victim.

Following indictment, the defendant was tried and convicted by a jury of the crime of attempted murder in the second degree.

The trial court in its charge defined the People's burden of proof and the standard of reasonable doubt in terms of preponderance of the evidence. In pertinent part, the trial court stated: "[T]he People have the burden of proving the case beyond a reasonable doubt which means then that if the evidence is balanced or can lead to both a conclusion of guilt or innocence, then obviously, the People have not proven the case beyond a reasonable doubt * * * *[T]here must be a preponderance in order to establish guilt" (emphasis added).

The People concede, at page 23 of their respondent's brief, that: "the court's * * * reference to a 'preponderance in order to establish guilt' * * * was inappropriate", and we agree.

Furthermore, we hold that the trial court's use herein of the words "there must be a preponderance in order to establish guilt" resulted in improperly diminishing the People's statutory burden of proving defendant guilty beyond a reasonable doubt, since these quoted words clearly conveyed the

impression to "the jury * * * that something less than guilt beyond a reasonable doubt would suffice to convict" *(People v Wade,* 99 AD2d 474, 475 [1984]).

The United States Supreme Court has ruled, in *In re Winship* (397 US 358, 361-363 [1970]), that:

"The requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt dates at least from our early years as a Nation * * *

"The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence * * * As the dissenters in the New York Court of Appeals[*] observed, and we agree, 'a person accused of a crime * * * would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, if he could be adjudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a civil case' ".

This reasonable doubt standard of proof in criminal cases set forth in *In re Winship (supra)* is contained in the New York Criminal Procedure Law (CPL). Thus, CPL 70.20 reads: "No conviction of an offense by verdict is valid unless based upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of such offense and the defendant's commission thereof." A trial court must not only use the statutory phrase "that guilt be proved beyond a reasonable doubt" (CPL 300.10 [2]) in charging a jury, it must also precisely explain that phrase to ensure that the jurors unequivocally understand that a defendant can only be convicted if the People have proved his guilt beyond a reasonable doubt *(see, People v Fox,* 72 AD2d 146, 147 [1st Dept 1980]). Any diminution of the People's duty to prove a defendant guilty beyond a reasonable doubt is unacceptable and improper.

In summary, based upon the legal authority discussed *supra,* we conclude that the trial court's burden of proof/reasonable doubt charge, which contained the words "there must be a preponderance in order to establish guilt", unduly prejudiced the defendant so as to deny him a fair trial. Since defense trial counsel concededly did not interpose a specific objection to the instant charge, this issue was not properly

---

* Note: This New York case is cited in the New York Reports as *Matter of Samuel W.* (24 NY2d 196), and the dissent appears at pages 203-207 (1969).

preserved for review (CPL 470.05 [2]); however, we find the error so egregious that we reverse this conviction, in the interest of justice, and remand for a new trial *(see, People v Maschi,* 76 AD2d 808 [1st Dept 1980]).

We note in passing that the record indicates that the prosecutor exceeded the limits of proper advocacy in both his opening and summation. For example, (a) in the opening, he inflamed the passions of the jury, and made arguments more appropriate to summation; and, (b) in the summation, he, *inter alia,* denigrated the defense, and improperly vouched for the credibility of the People's witnesses. Recently, we unanimously stated in *People v Rosa* (108 AD2d 531, 539 [1st Dept 1985]): "Certainly, we are not required, at this late date, to set forth the duties of [a prosecutor] during trial". Nevertheless, we point out that a prosecutor "may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one" *(Berger v United States,* 295 US 78, 88 [1935]; *see also, People v Zimmer,* 51 NY2d 390, 393 [1980]).

We have examined the other points raised by defendant, and find them to be without merit. Concur—Murphy, P. J., Ross, Rosenberger, Ellerin and Wallach, JJ.