■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WORLD, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J., at trial and sentence), rendered June 8, 1988, convicting defendant, upon a jury verdict, of manslaughter in the first degree, and sentencing him to an indeterminate term of imprisonment of from 4 to 12 years, unanimously reversed, on the law, on the facts, and as

a matter of discretion in the interest of justice, and the matter remanded for a new trial.

We conclude that the cumulative effect of the prosecutor's improper remarks in summation deprived defendant of a fair trial and, accordingly, reversal is required. For example, the prosecutor repeatedly denigrated the defense theory of self-defense, referring to defendant's testimony as a "colossal fabrication", and, on several occasions, as a "fairy tale". *(See, People v Simms,* 130 AD2d 525, 526.) In addition, in instances too numerous to mention, the prosecutor " 'exceeded the bounds of legitimate advocacy' " by injecting his personal opinion of defendant's credibility, and by accusing defendant of lying and tailoring his testimony to appear less culpable. *(People v Bolden,* 82 AD2d 757, 758.)

Further, the prosecutor constantly juxtaposed the jurors' promise to give defendant a fair trial with defendant's taking the witness stand and swearing "to tell the truth." In reminding the jurors of their promise and stating that defendant had broken "his part of the bargain" by not telling the truth, the prosecutor also suggested that defendant was not entitled to a fair trial, a suggestion which was emphasized by its repetition on at least four separate occasions.

Though the dominant theme of the prosecutor's summation was an attack on defendant's credibility, he also improperly vouched for the credibility of the only eyewitness. *(See, People v Bailey,* 121 AD2d 189, 192.) The prosecutor's summation was in stark contrast to that of defense counsel, who, in arguing self-defense, did not attack the credibility of the People's witnesses but rather concentrated on an assessment of the trial evidence.

The summation errors were not preserved by timely objection of defense counsel. *(See,* CPL 470.05 [2].) As the evidence of defendant's guilt was by no means overwhelming, however, we cannot conclude that they did not contribute to the guilty verdict. In this incident, which involved a stabbing in a park after defendant and the victim had gotten into an argument over the purchase of a 25-cent bottle of wine, the victim was clearly the initial aggressor. The eyewitness—a friend of the deceased and thus arguably biased—testified that after the deceased lunged at defendant and they both fell down, out of the witness's view, defendant chased the deceased around the park, but the witness did not see where the stabbing occurred.

Further, it is apparent from the jury's request for three supplemental charges on the issue of self-defense and its note

that it was unable to reach a verdict that the jury had some difficulty resolving the issues. In this regard, we parenthetically note that while it would have been better to balance the *Allen* charge *(see, Allen v United States,* 164 US 492) by stressing the importance of reaching a verdict without forcing any juror to surrender a conscientious belief *(see, People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920), the charge here, to which no objection was taken, does not constitute reversible error. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.