■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER STOKES, Appellant.—Judgment of the Supreme Court, New York County (Shirley Levittan, J., at trial and sentence), rendered May 24, 1989, convicting defendant, after a jury trial, of attempted robbery in the second degree and sentencing him, as a predicate violent felony offender, to an indeterminate term of from 3½ to 7 years' imprisonment, consecutive to a term of 6 to 12 years imposed upon defendant following his plea of guilty to a separate Kings County indictment charging him with robbery in the first degree, unanimously affirmed.

During the evening of May 13, 1988, on an uptown train, defendant approached Vitaly Rappaport and demanded his wallet. When the complainant failed to comply, defendant punched him in the face numerous times before being restrained by several other passengers. As a result of the attack, Rappaport's jaw was broken in two places, requiring surgery and a one-week hospital stay.

Defendant argues that the evidence was insufficient to prove an attempted robbery since there was no proof that force was used to prevent or overcome resistance to the taking of property (Penal Law § 160.00; *People v Chessman,* 75 AD2d 187, *appeal dismissed* 54 NY2d 1016), but rather, that the use of force was an unprovoked attack wholly separate and distinct from the demand for the complainant's wallet. We find, to the contrary, that reasonable minds would readily and logically connect the demand for property with the ensuing use of force, and consider that the use of force was intended to accomplish the stated objective.

Defendant also asserts several errors by the prosecutor in summation. The prosecutor's characterization of the defense

as a "fantasy" was not error *(but see, People v World,* 157 AD2d 567), but even if viewed otherwise, was harmless in view of the overwhelming evidence against defendant *(People v Crimmins,* 36 NY2d 230). The prosecutor's comments that the witnesses had no motive to lie was a fair response to the defense summation which raised the issue of credibility. Defendant's remaining arguments either constitute harmless error or are without merit. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.