■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO MENDOZA, Appellant.—Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J., at suppression hearing, jury trial, and sentence), rendered April 21, 1988, convicting defendant of four counts of sodomy in the first degree and 12 counts of sexual abuse in the first degree and sentencing him to concurrent indeterminate prison terms of from 8⅓ to 25 years for each sodomy count and 2⅓ to 7 years for each sexual abuse count, unanimously affirmed.

Beginning in 1979, appellant's wife baby-sat for the complainant, Y., while Y.'s mother worked. During the summer of 1985, after six-year-old Y. attended first grade, the 56-year-old defendant initiated a course of deviant sexual conduct with Y. In May 1986, a neighbor made an observation through one of defendant's windows, the crimes were reported, and defendant was arrested.

The counts in the indictment charged defendant with various criminal acts which were designated by four discrete time periods: (1) June 1 to August 31, 1985; (2) December 1 to December 31, 1985; (3) January 1 to February 28, 1986; and (4) March 1 to April 30, 1986. Y. testified as a sworn witness regarding these specific criminal acts using anatomical dolls. The arresting police officer testified regarding defendant's postarrest statement that he was impotent. Three of defendant's daughters testified that defendant was never alone with Y. Defendant denied committing the acts charged and offered an alibi for two weeks of August 1985.

Defendant's arguments that the time periods charged in the indictment should have been narrower and more specific since Y. reported the crimes only six days after the last time period charged and because school attendance, holidays and weekends were not excluded are unpreserved for appellate review since defendant failed to make these specific objections at trial (CPL 470.05 [2]). Furthermore, under the circumstances, we reject defendant's argument that the time periods in the indictment were not reasonably precise as required by CPL 200.50 (6). *(See generally, People v Morris,* 61 NY2d 290.)

Defendant's contention that the court committed reversible error by its omission of a "police witness" charge is unpreserved for appellate review *(People v Miller,* 159 AD2d 224, *lv denied* 76 NY2d 739). In any case, the police officer's testimony was merely cumulative and the failure to so charge could not have prejudiced defendant. Furthermore, the court did not commit reversible error by refusing to instruct the jury on prior inconsistent statements where no prior inconsistent statements were admitted in evidence.

Lastly, defendant has failed to preserve his argument that the prosecutor improperly elicited testimony of uncharged criminal acts in her direct examination of Y., and prejudicially referred to that testimony in summation. In any case, defendant's argument lacks merit since the prosecutor addressed her questions only to the specific acts charged, and on summation, merely responded to evidence adduced by the defense. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.