■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN LATTIMORE, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered October 24, 1989, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree and sentencing him to concurrent indeterminate prison terms of 2 to 6 years and 1 to 3 years, respectively, unanimously affirmed.

The court adequately instructed the jury not to draw any unfavorable inferences from defendant's election not to testify by stating that the jury could not "hold * * * against" defendant the fact that he chose not to testify. In conjunction with this admonition, the court stated that it was the prosecutor who bore the burden of proving guilt, and that defendant was not required "to prove or disprove anything." The court also properly instructed the jury as to the evidentiary value of an indictment when it stated "the fact that [the defendant] has been charged with a crime is not evidence of anything. It is

not probative. What counted here was the evidence that was submitted" *(see,* 1 CJI[NY] 6.02).

Contrary to defendant's contention, the court's instructions to the jury concerning reasonable doubt, when read as a whole, were proper and did not dilute the People's burden of proof *(see, e.g., People v Cohen,* 61 AD2d 929). The jury was repeatedly instructed that the People bore the burden of proving guilt beyond a reasonable doubt *(see,* CPL 300.10 [2]), and the trial court explained the reasonable doubt standard in detail to insure that the jurors understood its application *(see generally, People v Bailey,* 121 AD2d 189).

The sentence imposed upon defendant was a proper exercise of the court's discretion in view of the severity of the crime and the other relevant circumstances. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.