■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH BASS, Appellant

Evidence at trial was that defendant sexually abused and raped the nine year old victim on three separate occasions in September 1986, on December 24, 1986, and in February 1987. Defendant directed the victim not to tell anyone of these incidents, but the child eventually did tell her grandmother, who had noticed personality changes in her granddaughter and arranged for a physical examination. A gynecologist specializing in pediatrics testified that two separate examinations of the child, conducted on February 26, 1987 and March 9, 1987, respectively, indicated the presence of symptoms consistent with sexual abuse and rape. Defendant denied the charges, and presented the testimony of a psychiatrist and a gynecologist who concluded, based solely upon medical reports, that although there was evidence of vaginal abnormality, there was no conclusive evidence of adult sexual abuse or rape. The victim acknowledged telling defendant's attorney, in August 1987, that defendant had not sexually abused and raped her and that she did so because she feared the consequences to her if defendant were imprisoned. A clinical social worker testified that youthful victims of sexual abuse commonly exhibit inappropriate personality changes and deny their experiences.

This evidence, viewed in the light most favorable to the

People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), amply supports the jury's determination of defendant's guilt beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). Issues of credibility are best determined by the jury, which has the advantage of observing the demeanor of witnesses. As the jury's determination herein is amply supported by the record, it will not be disturbed *(see, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786).

The indictment herein, in pertinent part, charged defendant with specific acts constituting sexual abuse in the first degree committed "on or about and between September 1, 1986 and September 30, 1986"; rape in the first degree committed "on or about December 24, 1986"; and rape in the first degree committed "on or about and between February 1, 1987 and February 28, 1987." Defendant's claim on appeal that the time periods set forth in the indictment should have been more specific is unpreserved for appellate review as a matter of law, as defendant failed to make this claim at trial (CPL 470.05; *People v Mendoza,* 166 AD2d 377, *lv denied* 77 NY2d 880). In any event, considering the victim's tender age and the attendant circumstances herein, the time periods set forth in the indictment are sufficiently specific to meet the applicable statutory requirements (CPL 200.50 [6]; *People v Keindl,* 68 NY2d 410).

We have reviewed defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.