■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VERKEY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who was born on February 4, 1969 and was six years older than the infant complainant, was charged with committing various acts of sodomy, rape and sexual abuse involving the complainant during a period of time when the victim was 10 and 12 years old. Following a jury trial, defendant was convicted of two counts of sodomy in the first degree, two counts of sexual abuse in the first degree,

two counts of endangering the welfare of a child and one count of rape in the second degree.

Defendant contends that the integrity of the Grand Jury proceeding was impaired by the presence of an unauthorized person in the Grand Jury room when the infant complainant testified. The record indicates that a woman who was identified as a "rape crisis counselor" was permitted to be present when the infant complainant testified before the Grand Jury. The People conceded at oral argument that this individual was a victim advocate and not a rape crisis counselor within the purview of the statute (see, CPL 190.25 [3] [h]). The mere presence of an unauthorized person before the Grand Jury, however, does not automatically require dismissal of the indictment (see, People v Hyde, 85 AD2d 745, 746). There must be some showing that the presence of the unauthorized person created a possibility of prejudice and impaired the integrity of the proceeding (People v Wilson, 77 AD2d 713; CPL 210.35 [5]). Defendant has failed to demonstrate that he suffered any prejudice or that the integrity of the proceeding was impaired as a result of the presence of an unauthorized person in the Grand Jury room. Therefore, we conclude that the technical violation of the statute does not warrant dismissal of the indictment (People v Hyde, supra; People v Wilson, supra). Moreover, we do not find any misconduct on the part of the prosecutor that impaired the integrity of the Grand Jury proceeding.

We have reviewed all other issues raised on appeal and conclude that they do not warrant reversal. The time periods set forth in the indictment were sufficiently specific to afford defendant reasonable notice (see, People v Morris, 61 NY2d 290, 295; People v Smith, 178 AD2d 918; People v Mendoza, 166 AD2d 377, lv denied 77 NY2d 880; People v Cangiano, 156 AD2d 575, lv denied 75 NY2d 964; People v Hunt, 148 AD2d 836, lv denied 74 NY2d 665; People v Jones, 133 AD2d 972, lv denied 70 NY2d 956). Defendant's written statement sufficiently established that he was 18 years old in August of 1987 when the rape occurred, thus supporting defendant's conviction for statutory rape in the second degree (Penal Law § 130.30). County Court reviewed in camera the psychiatric and medical records of the infant complainant and determined that there was no exculpatory or Brady material (see, Brady v Maryland, 373 US 83) contained therein.

By failing to submit a written motion to dismiss the indictment within 45 days after arraignment, defendant waived his right to challenge the timeliness (see, CPL 30.10 [2] [c]) of the

charges for endangering the welfare of a child *(see,* CPL 210.20 [1] [f]; [2]; 210.45 [1]; 255.10 [1] [a]; 255.20 [1]) and has failed to preserve that issue for appellate review *(see, People v De Pillo,* 168 AD2d 899, *lv denied* 78 NY2d 965). Furthermore, there is no merit to defendant's claim that the People's failure to commence the prosecution of those charges within the statutory time period constitutes a jurisdictional defect *(see, People v Kohut,* 30 NY2d 183; *People v De Pillo, supra; People v Dickson,* 133 AD2d 492, 495). Finally, we reject defendant's assertions (1) that the court abused its discretion in denying his request for youthful offender status and (2) that the prosecutor's conduct deprived him of a fair trial. (Appeal from Judgment of Wayne County Court, Parenti, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.