■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY A. BOLDEN, Appellant. [598 NYS2d 603] —Casey, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 15, 1992, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (three counts) and attempted grand larceny in the third degree.

After a jury trial defendant was convicted on all counts of an indictment which charged him with three counts of sexual abuse in the first degree, criminal possession of a forged instrument in the second degree and attempted grand larceny in the third degree. County Court granted defendant's motion pursuant to CPL 440.10 (1) (a) to vacate the conviction of criminal possession of a forged instrument in the second degree. Defendant was sentenced as a second felony offender to indeterminate prison terms of 3½ to 7 years on each count of sexual abuse in the first degree and 2 to 4 years for the attempted grand larceny in the third degree conviction, all to run consecutively.

Defendant first contends that the indictment is defective because it did not provide sufficient specificity as to the time period alleged for each count of sexual abuse in the first degree. The indictment alleges that two of the incidents, which involved a girl who was then 10 years old, occurred "during the month of June, 1989" and "during the spring of 1989". The third incident, involving a boy who was then six years old, was alleged to have occurred "during the summer of 1989". When, as in this case, time is not an essential element of the crime, the indictment may allege the time in approximate terms provided that sufficient specificity to adequately prepare a defense has been afforded to defendant by the indictment and the bill of particulars *(see, People v Morris,* 61

NY2d 290, 295). Among the factors to be considered on the issue of sufficient specificity are the span of time set forth, the knowledge the People have or should have of the exact date, the age and intelligence of the victim and other witnesses, the nature of the offense and the surrounding circumstances *(supra,* at 295-296). Considering all of these factors here, we conclude that the indictment was sufficient *(see, People v Glover,* 185 AD2d 458, 460; *People v Dunavin,* 173 AD2d 1032, 1034, *lv denied* 78 NY2d 965).

Defendant next contends that evidence adduced at trial was not legally sufficient to establish his guilt. As to the sexual abuse charges, defendant's argument is premised largely upon the theory that corroboration of the victim's testimony was required pursuant to Penal Law § 130.16. In 1984, however, the Legislature amended Penal Law § 130.16 so that corroboration is no longer required in cases where, as here, the incapacity to consent results solely from the victim's age (L 1984, ch 89, § 1; *see, People v Hudy,* 73 NY2d 40, 48). Defendant is also incorrect in his claim that the People failed to provide any evidence that the girl victim was under the age of 11 at the time of the acts alleged in counts one and two of the indictment. The girl's testimony regarding her date of birth was sufficient to establish that she was under the age of 11 at the relevant times *(see, People v Bessette,* 169 AD2d 876, 877, *lv denied* 77 NY2d 992). County Court examined the victims and determined that they understood the nature of an oath *(see,* CPL 60.20). Their sworn testimony established all of the elements of sexual abuse in the first degree. Any minor inconsistencies in their testimony and the testimony of other witnesses presented questions of credibility, and we will not disturb the jury's resolution of those questions unless it is clearly unsupported by the record *(see, People v Dunavin, supra,* at 1033-1034). Viewed in the light most favorable to the People the evidence is legally sufficient, and we also find that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490).

As to the conviction of attempted grand larceny in the third degree, we reach a contrary conclusion. According to the indictment, defendant attempted to steal more than $3,000 in cash from Colleen Bolden by attempting to obtain a mortgage on property solely owned by Colleen Bolden without her consent. The People presented evidence from which the jury could find that defendant telephoned an independent mortgage broker to apply for a home equity loan to be secured by a mortgage on property that defendant claimed to own jointly

with Bolden. The property actually was owned by Bolden who did not consent to the mortgage. When Bolden was advised of the date of closing for the mortgage, she canceled the application. In the meantime, defendant approached a female acquaintance and asked her to sign Bolden's name to some papers so that he could get a mortgage. The evidence is sufficient to establish that defendant engaged in a fraudulent scheme to obtain a home equity loan secured by a mortgage on Bolden's property, but it is not sufficient to establish the elements of attempted grand larceny in the third degree *(see, People v Foster,* 73 NY2d 596).

Grand larceny in the third degree is committed when a person steals property valued at more than $3,000 (Penal Law § 155.35). Pursuant to Penal Law § 155.05 (1), "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof". As previously noted, the indictment alleges that defendant attempted to steal cash from Bolden, but there is no evidence that Bolden would have had a greater right of possession to the proceeds of the loan than defendant *(see,* Penal Law § 155.00 [5]). That Bolden had a greater right of possession than defendant to the real property which was to serve as the security for the loan did not establish that Bolden had a greater right of possession of the proceeds of the loan than defendant, who was a co-applicant for the loan. The People contend that the value of Bolden's real property would have been reduced by more than $3,000 if the mortgage had been executed, but a forged mortgage would have been ineffective to encumber her interest in the property *(see, V.R.W., Inc. v Klein,* 68 NY2d 560, 564-565) unless she engaged in affirmative conduct giving rise to an estoppel *(see, Rothschild v Title Guar. & Trust Co.,* 204 NY 458). In any event, there is no evidence in the record concerning defendant's intent either to deprive *(see,* Penal Law § 155.00 [3]) or to appropriate *(see,* Penal Law § 155.00 [4]), as required by Penal Law § 155.05 (1). The evidence establishes that defendant intended to obtain the loan, but whether he intended to repay it is purely a matter of speculation. For all of these reasons, the conviction of attempted larceny in the third degree must be reversed.

We have considered defendant's remaining arguments and find them meritless.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is modified, on the law, by

reversing so much thereof as convicted defendant of the crime of attempted grand larceny in the third degree; the fifth count of the indictment is dismissed; and, as so modified, affirmed.