■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOUVATH SAYAVONG, Appellant. [600 NYS2d 595] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of sexual abuse in the first degree and three counts of endangering the welfare of a child, defendant argues that the presence of the investigating officer during the videotaping of testimony of three child witnesses for the Grand Jury violated CPL 190.25 and 190.32. Those sections provide in relevant part that an "operator," as that term is defined in CPL 190.32, may be present during the videotaping of the examination of a child witness (CPL 190.25 [3] [g]; 190.32 [5] [c]). An "operator" is defined as "a person employed by the district attorney who operates the video camera to record the examination of a child witness or a special witness" (CPL 190.32 [1] [c]). We agree with defendant that the People failed to show that the investigating officer was "employed by the district attorney." That technical violation of the statute does not require reversal, however, because defendant failed to show that there was a possibility of prejudice or that the integrity of the proceeding was impaired thereby (see, CPL 210.35 [5]; People v Verkey, 185 AD2d 622).

Defendant's remaining arguments on appeal are unpreserved and we decline to reach them in the interest of justice. (Appeal from Judgment of Yates County Court, Falvey, J.— Sexual Abuse, 1st Degree.) Present—Callahan, J. P., Green, Pine, Fallon and Davis, JJ.