■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH NORRIS, Appellant. [600 NYS2d 754] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered March 19, 1992, convicting

him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 1:30 A.M. on February 1, 1991, the complainant awoke on a subway train to find the hand of the defendant, who was seated next to him, in the complainant's jacket pocket. The complainant jumped up and asked the defendant what he was doing. The defendant stood between the complainant and the train door, slashed the complainant's face with a razor, and fled at the next station, where he was promptly arrested.

Contrary to the defendant's contention, the Supreme Court did not err in submitting for the jury's consideration the crime of attempted robbery in the first degree as a lesser included offense of robbery in the first degree, since there was a reasonable view of the evidence which would support a conviction for the lesser crime and not the greater (see, *People v Glover,* 57 NY2d 61). Indeed, the defendant's act of inserting his hand into the sleeping complainant's pocket constituted evidence of his intent to steal, and the fact that he was armed with a razor and subsequently slashed the complainant permitted the logical inference that he intended to employ force if necessary to achieve his larcenous goal. Accordingly, the court's submission of the lesser-included offense was appropriate.

Viewing the evidence in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The defendant contends that his slashing of the complainant was a separate and distinct act from his attempt to steal property from the complainant, since he only intended to use the razor to facilitate his escape, and, therefore, that he is not guilty of robbery. In evaluating this contention, we must " 'weigh * * * the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley,* 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62). In exercising this review, we are mindful of the great deference to be accorded to the fact-finder's determination, and we will not lightly interfere with the jury's verdict (see, *People v Bleakley, supra; People v Smith,* 63 NY2d 41, *cert denied* 469 US 1227; *People v Gaimari,* 176 NY 84). In the

instant case, it does not appear that the triers of fact failed to give the evidence the weight it should be accorded. Thus, we discern no basis for setting aside the verdict as against the weight of the evidence *(see, People v Bleakley, supra)*. Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.