■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GARGANO, Also Known as JOHN GALGANO, Appellant. [636 NYS2d 350] —Appeals by the defendant from two judgments of County Court, Suffolk County (Namm, J.), both rendered June 19, 1991, convicting him of sodomy in the first degree, sodomy in the third degree, sexual abuse in the first degree, and endangering the welfare of a child under Indictment No. 1830/90, and sodomy in the second degree (two counts), sodomy in the third degree (two counts), rape in the third degree (two counts), sexual abuse in the second degree (three counts), and sexual abuse in the third degree, under Indictment No. 2079/90, upon jury verdicts, and imposing sentences, and by permission, from an order of the same court (Corso, J.), dated

December 7, 1993, which denied his motion pursuant to CPL 440.10 to vacate the judgments of conviction.

Ordered that the judgments and order are affirmed.

The defendant's contention that he was denied due process of law because the indictments alleged the time when most of the crimes charged occurred in approximate terms, such as "on or about" a particular month, is not preserved for appellate review (see, People v Weldon, 191 AD2d 662; People v Bass, 179 AD2d 568). In any event, the periods of time alleged in the indictments were not so lengthy that it was virtually impossible for the defendant to answer charges and prepare an adequate defense and not so excessive as to be unreasonable under the circumstances (see, People v Watt, 192 AD2d 65, affd 84 NY2d 948; People v Lopez, 175 AD2d 267; see also, People v Bolden, 194 AD2d 834; People v Khatib, 166 AD2d 668).

Also unpreserved for appellate review is the defendant's contention that the trial court's instructions regarding his failure to testify denied him a fair trial (see, People v Autry, 75 NY2d 836; People v Odome, 192 AD2d 725). In any event, the court's charge, while unnecessarily expansive, was neutral in tone, consistent with the intent of CPL 300.10 (2), not so lengthy as to prejudicially draw the jury's attention to the defendant's failure to testify, and did not imply that the failure was a tactical manuever (see, People v Odome, supra; People v Lattimore, 174 AD2d 352).

The trial court did not improvidently exercise its discretion in permitting the prosecution to introduce certain evidence of uncharged crimes engaged in by the defendant on its direct case. That evidence was relevant to establish, among other things, the circumstances under which the charged crimes were allowed to occur and the degree of control that the defendant exercised over his congregants. Under the facts of this case, the prejudicial effect of the evidence of uncharged crimes was outweighed by its probative value (see, People v Hudy, 73 NY2d 40, 55; People v Le Grand, 76 AD2d 706).

Also, without merit is the defendant's contention that he was denied his right to be present at all material stages of the trial (see People v Bonaparte, 78 NY2d 26, 30). The defendant failed to meet his burden of coming forward with substantial evidence to rebut the presumption of regularity that official proceedings enjoy (see, People v Williams, 220 AD2d 788; People v Rodriguez, 154 AD2d 488).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Altman and Friedman, JJ., concur.