■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. KEEFER, Appellant. [692 NYS2d 233] —Carpinello, J.

Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered December 19, 1997, upon a verdict convicting defendant of the crimes of rape in the first degree, attempted rape in the first degree and sodomy in the first degree (two counts).

Defendant is the father of two girls, born in April 1987 and November 1988. In December 1997, he was found guilty of rape in the first degree, attempted rape in the first degree and two counts of sodomy in the first degree following a jury trial. The sodomy and rape convictions stem from allegations that he had inappropriate sexual contact with his eldest daughter in the fall of 1996 and on or about December 29, 1996. The attempted rape conviction stems from allegations that he had inappropriate sexual contact with his youngest daughter on January 5, 1997. Sentenced to an aggregate prison term of 18 to 36 years, defendant appeals. We affirm.

Defendant first claims that the sodomy convictions should be vacated because the indictment failed to give him sufficient notice of the dates on which these crimes occurred, thereby denying him of due process.* We find that the indictment provided defendant with adequate notice (*see, People v Keindl*, 68 NY2d 410, 416-417; *cf., People v Beauchamp*, 74 NY2d 639, 641). By advising defendant that the crimes occurred "on or about the Fall, 1996", the counts were sufficiently adequate to comport with CPL 200.50 (6) and due process (*see, People v Watt*, 84 NY2d 948, 951; *People v Gutkaiss*, 206 AD2d 584, 585, *lv denied* 84 NY2d 1032; *People v Bolden*, 194 AD2d 834, 834-835, *lv denied* 82 NY2d 714). This is particularly so in this case where the victims were young and time was not a material element of the crimes (*see, People v Morris*, 61 NY2d 290, 295; *People v Bolden, supra*).

We are also unpersuaded by defendant's contention that the verdicts finding him guilty of rape and attempted rape were against the weight of the evidence. Defendant's February 4, 1997 confession to police was read to the jury. In this statement, he admitted that had "sexually abused" his eldest daughter over a three-year period and stated that "[t]he last time I had *sexual intercourse* with [her] was December 29, 1996" (emphasis supplied). In addition to this evidence, both

---

* Having moved to dismiss these particular counts of the indictment (originally denominated as counts 25 and 26, respectively) on the ground of insufficient notice, defendant's argument attacking the sufficiency of the indictment concerning these charges, and ensuing convictions thereon, is properly preserved for review (*compare, People v Edkin*, 210 AD2d 808, 809, *lv denied* 85 NY2d 937).

daughters provided detailed testimony about the conduct to which each was subjected by defendant. Upon review of that testimony, in addition to defendant's confession, we are satisfied, upon exercise of our factual review power, that the verdicts are not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Although medical examinations conducted on both children did not reveal physical trauma or signs of sexual contact, we note that "there is no requirement that the People provide conclusive medical proof linking defendant to the crime[s] charged" (*People v Banks*, 190 AD2d 623, *lv denied* 81 NY2d 967).

We likewise reject defendant's challenge to the legal sufficiency of the rape conviction. Viewing the evidence in a light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), the People produced legally sufficient evidence regarding the element of sexual intercourse required for rape in the first degree (*see*, Penal Law § 130.00 [1]; § 130.35 [1]). Defendant admitted in his statement to police that he penetrated his eldest daughter on three or four occasions and that the last incident of sexual intercourse had taken place on December 29, 1996. This, coupled with the child's testimony, was more than sufficient to establish penetration and support defendant's rape conviction (*see, People v Geer*, 213 AD2d 764, *lv denied* 86 NY2d 781; *cf., People v Dunn*, 204 AD2d 919, 920, *lv denied* 84 NY2d 907).

Defendant's remaining contentions have been reviewed and found to be lacking in merit.

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.