■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRISCILLA JAMES, Appellant. [756 NYS2d 749] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered October 30, 2000, convicting defendant, after a jury trial, of assault in the first degree, and sentencing her, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

Defendant's challenge to the court's supplementary charge given in response to a note from the deliberating jury claiming an inability to reach a unanimous verdict is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the supplementary charge as a whole conveyed the proper principles, was sufficiently balanced, and was not coercive (*see People v Ford*, 78 NY2d 878 [1991]; *People v Pagan*, 45 NY2d 725 [1978]).

The record establishes that defendant's predicate conviction was for a violent felony (*see* Penal Law § 70.02 [1] [c]; § 265.02 [4]) and contradicts her claim that she was improperly sentenced as a second violent felony offender. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL WHITE, Appellant. [756 NYS2d 750] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered June 22, 2001, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees, and sentencing him to concurrent terms of 5 years and 3½ years, respectively, unanimously affirmed.

Defendant's argument that his conviction of attempted first-degree robbery was unsupported by legally sufficient evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence warranted a rational inference that defendant grabbed at the victim's bracelet with intent to steal it, and that defendant's use of a razor-like weapon was intended, at least in part, to accomplish the theft of the bracelet (*see People v Norris*, 196 AD2d 512 [1993], *lv denied* 82 NY2d 723 [1993]; *People v Stokes*, 165 AD2d 763 [1990], *lv denied* 76 NY2d 991 [1990]; *see also People v Pena*, 50 NY2d 400, 408 [1980], *cert denied* 449 US 1087 [1981]). We also find that the verdict was not against the weight of the evidence. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.