THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FONSECA, Appellant. [993 NYS2d 381]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Crecca, J.), rendered February 27, 2012, convicting him of endangering the welfare of a child and sexual abuse in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the accusatory instrument did not provide sufficient notice as to when the crimes were allegedly committed is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gargano*, 222 AD2d 694, 695 [1995]; *People v Bass*, 179 AD2d 568, 569 [1992]). In any event, taking into consideration all of the relevant circumstances (*see People v Watt*, 81 NY2d 772, 774-775 [1993]), the time period of four months for the crimes charged in the accusatory instrument was not so lengthy as to require dismissal (*see People v O'Keefe*, 276 AD2d 647 [2000]; *People v Bolden*, 194 AD2d 834 [1993]).

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was

to suppress his statements to law enforcement officials. A review of the totality of the circumstances (*see People v Mateo*, 2 NY3d 383, 413 [2004]; *People v Anderson*, 42 NY2d 35, 38 [1977]) demonstrates that the defendant's statements to the police, which were given after he was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made (*see* CPL 60.45 [2] [a], [b] [i]; *People v Mateo*, 2 NY3d at 414; *People v Huntley*, 15 NY2d 72 [1965]).

The Supreme Court's *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]) was a provident exercise of its discretion. The potential for prejudice was outweighed by the probative value of the evidence, which tended to establish the absence of mistake or accident, completed the narrative of the event, and provided background information necessary to explain the relationship between the defendant and the complainant (*see People v Green*, 56 AD3d 490, 490 [2008]; *People v Dahlbender*, 23 AD3d 493, 494 [2005]).

The Supreme Court did not err in permitting expert testimony about child sexual abuse accommodation syndrome. Such testimony was properly offered for the purpose of providing an explanation for the post-crime behavior of the complainant that might have appeared to be unusual or which the jurors otherwise may not have understood (*see People v Spicola*, 16 NY3d 441, 465 [2011]; *People v Carroll*, 95 NY2d 375, 387 [2000]).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The remaining contentions raised in the defendant's main brief are unpreserved for appellate review and, in any event,

without merit. The contentions raised in the defendant's pro se supplemental brief are based on matter dehors the record and, therefore, cannot be reviewed on direct appeal. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.